EFILED Document
CO Arapahoe County District Court 18th JD
Filing Date: Nov 07 2012 10:53AM MST
Filing ID: 47601568
Review Clerk: N/A

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address:  7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| Plaintiff:  **WILLIAM BARTNICK AND LAURA LARKINS BARTNICK**<br><br>vs.<br><br>Defendants: **CITY OF ENGLEWOOD; et al.** | Case Number:<br><br>2009 CV 2198<br>Div.:  206 |
| **ORDER – RE:  Outstanding Motions XIV** | |

Having reviewed the outstanding Motions filed by the plaintiffs, including, (1) "Motion to Vacate and Set Aside Judgment," (2) "Affidavit to Vacate Depositions and Notice of Reliance on Faith, the Constitution, Legislation and Rules of Discovery," [1] (3) "Notice to Set Hearing," (4) "Motion for Burden Following Court Rules . . .," and (5) "Traverse Affidavit of Intervenor, Laura Bartnick," and being otherwise fully advised of the premise of the Motions, the Court makes the following rulings:

### A. "Motion to Vacate and Set Aside Judgment."

#### (1) Reconsideration of attorneys' fee award.

1. Plaintiffs' Motion requests that the Court reconsider its May 7, 2012 Order awarding attorneys' fees to former defendant Chris Carmen pursuant to C.R.S. § 13-17-201.

2. The Court has addressed the propriety of its May 7, 2012 Order on several occasions, including Orders issued on April 26, October 6 and October 15, 2012, and will not revisit its previous opinions. Plaintiffs' Motion to reconsider its May 7, 2012 Order and award of attorneys' fees is DENIED.

---

[1] The Court's October 25, 2012 Order addressed all issues in this Motion, with the exception of plaintiffs' allegations of discovery violations under C.R.C.P. 37(a)(2)(B), which is addressed herein.

# Appendix A-6

### (2) Exemption from collection.

3.  Plaintiffs' Motion also requests that the Court address their exemption from collection of the May 7, 2012 Judgment by State Farm, assignee of former defendant Carman.

4.  The Court has already set a hearing for November 30, 2012, at 3:00 p.m. to address all issues regarding plaintiffs' claim of exemption.

### (3) Substitution of State Farm as assignee of Carman.

5.  Plaintiffs request that the Court reconsider its numerous Orders regarding the substitution of State Farm as the assignee of former defendant Carman regarding Carman's May 7, 2010 Judgment against the plaintiffs, including Orders dated October 11, 2010, July 24, 2011, April 26, 2012, May 29, 2012, and October 6, 2012.

6.  The Court will not revisit its October 11, 2010 Order, and plaintiffs' Motion is DENIED.

### (4) Plaintiffs' counterclaims against State Farm.

7.  Plaintiffs' counterclaims against State Farm involving allegations of breach of insurance contract and/or bad faith breach of insurance contract are addressed in the Court's contemporaneously issued "Order: Re – Plaintiffs' Motion to Add Counterclaim."

### (5) Motion to reconsider dismissal of defendant Carman.

8.  Plaintiffs again request that the Court reconsider its dismissal of former defendant Carmen on March 15, 2010.

9.  The Court has addressed the plaintiffs' numerous motions to reconsider the dismissal of former defendant Carman and will not revisit that issue.  Plaintiffs' Motion is DENIED.

### B. Plaintiffs' "Notice of Hearing."

10.  Based on the plaintiffs' objection to garnishment proceedings, and pursuant to C.R.C.P. 103(1)(*l*)(2), all moneys garnished from the plaintiffs by State Farm are placed in the registry of the Court until the Court rules on the plaintiffs' objection.

11.  Pursuant to the Court's November 6, 2012 Order, all garnishment by State Farm against the plaintiffs is stayed until the Court rules on the plaintiffs' objection.

12.  Hearing is set for November 30, 2012, at 3:00 p.m. on plaintiffs' objection.

### C.     "Motion for Burden of Following Court Rules . . ."

13.     Plaintiffs' seek relief from the Colorado Rules of Civil Procedure and from Colorado case and statutory law because they are representing themselves, *pro se*. Their position is summed up on page 3 of their Motion:

> Meanwhile, the Bartnicks are prohibited from joining parties or pleading the merits of the case because they do not understand how to use the rules.  This whole situation is Unfair and Unequal.

[Motion at 3].

14.     With regard to the Colorado Rules of Civil Procedure, the Court has reminded the plaintiffs on many occasions that "pro se litigants are bound by the same rules of civil procedure as attorneys licensed to practice law in this state."  **Negron v. Golder**, 111 P.3d 538, 541 (Colo. App. 2004).  Notwithstanding this admonition, the Court has provided a great deal of latitude to the plaintiffs, including but not limited to:  (1) e-mail notification of all briefs and Orders (due to plaintiffs' inability to access File & Serve); (2) notification of Rules of Civil Procedure which apply to plaintiffs' filing deadlines and requirements; and (3) the judicial "benefit of the doubt" provided to <u>all</u> *pro se* litigants regarding compliance with C.R.C.P. and statutory requirements.

15.     With regard to the dismissal of plaintiffs' claims against various individuals, these dismissals were <u>not</u> based on plaintiffs' lack of knowledge of the Rules, statutes, or case law, but were directly related to the lack of facts supporting those claims.

16.     With regard to the entry of Judgment against the plaintiffs under C.R.C.P. 12(b)(5) and the award of attorneys' fees pursuant to C.R.S. § 13-17-201with the dismissal of former defendant Carman, this dismissal and award of fees was based on the absence of any claim against Carman and the mandatory provisions of § 13-17-201, not on plaintiffs' lack of knowledge of the law.

17.     Although plaintiffs fairly observe that <u>any</u> *pro se* litigant is at a disadvantage when litigating against a licensed attorney representing an opposing party, and that this disadvantage may very well be borne of a lack of money to retain an attorney, rather than an election not to have legal representation, the Court makes every effort to "balance the scales," as noted above in ¶ 14.

18.     The Court has in the past, and will continue in the future to make every effort to provide the plaintiffs with an opportunity to assert their right to state a claim or a defense, but will <u>not</u> reconsider any of its previous rulings on the <u>sole</u> basis that the plaintiffs represent themselves without legal counsel.

### D.    "Tranverse Affidavit of Intervenor, Laura Bartnick."

#### (1)    Laura Bartnick as "intervenor."

19.    The Court considers any legal or factual argument regarding State Farm's right to garnish plaintiff William Bartnick which is made by plaintiff Laura Bartnick as being made by William.  Similarly, any legal or factual argument made by Laura Bartnick regarding William Bartnick's exemption from garnishment will be considered to be William's arguments.

20.    With regard to whether Laura Bartnick can formally intervene as a claimant for damages against State Farm should the Court find that State Farm has inappropriately garnished William Bartnick's wages at Craig Hospital Foundation (or that Craig Hospital Foundation has inappropriately permitted such garnishment), the Court will <u>reserve</u> any additional briefing on that issue and any ruling by the Court until the conclusion of the hearing on November 30, 2012, at 3:00 p.m.  Any further briefing or ruling on these issues at this time would be premature.

#### (2)    Lack of a "contract" to support garnishment.

21.    Plaintiffs assert that, because State Farm has not been required to produce its contract of insurance with former defendant Carman, State Farm has no basis to garnish William Bartnick's wages at Craig Hospital Foundation ("Craig").

22.    The substitution of State Farm for former defendant Carman regarding the collection and garnishment of the attorneys' fee Judgment against the plaintiffs by the Court's October 11, 2010 Order is <u>not</u> based on State Farm's contract of insurance with Carman, but on the fact that State Farm paid Carman's attorneys' fees under that policy of insurance.  Therefore, it is the fact of payment, not the contract of insurance, upon which the Court's 10/11/10 Order is based.

> When an insurer reimburses a victim for damages pursuant to a claim under the victim's insurance policy, the insurer enjoys a right to subrogation, under which he can stand in the victim's shoes and collect the reimbursed amount from the party responsible for the damages.

**Ferrellgas, Inc. v. Yeiser**, 247 P.3d 1022, 1027 (Colo. 2011)

23.    Therefore, the Court DENIES plaintiffs' Motion to dismiss State Farm/Carman's award of attorneys' fees.

4

### (3)   Writ of Attachment – C.R.C.P. 102.

24.   Plaintiffs assert that State Farm has not followed the procedures outlined in C.R.C.P. 102 regarding writs of attachment in the process of garnishing William Bartnick's wages at Craig.

25.   Writs of attachment under Rule 102 address the seizure of real and personal property of a debtor by a judgment creditor.  *See* C.R.C.P. 102h(1) and (2).

26.   State Farm's garnishment of the wages of William Bartnick is governed by the provisions of C.R.C.P. 103, Section 1 – Writ of Continuing Garnishment (on Earnings of a Natural Person).

27.   Plaintiffs' Motion alleges no violation of the procedures set forth in Rule 103, Section 1, against State Farm, other than those set forth in the plaintiffs' objection under Rule 103(I)(i) based on exemption, which is being addressed by the Court at hearing on November 30, 2012, at 3:00 p.m.

28.   Therefore, the Court DENIES plaintiffs' Motion to dismiss State Farm/Carman's award of attorneys' fees.

### (4)   Garnishment based on "tort" claim.

29.   Plaintiffs cite **Steen v. Aetna Cas. & Sur. Co.**, 401 P.2d 254 (Colo. 1965), for the proposition that, since Craig and State Farm have no contractual relationship, State Farm cannot garnish Craig for wages due to William Bartnick.

30.   The Court <u>rejects</u> plaintiffs' reliance on **Steen** for the following reasons:

    a.   In **Steen**, the claimant received a judgment against a motor vehicle operator for negligence for about $24,000.  The operator had a policy of liability insurance with Aetna with policy limits of $10,000.  After Aetna paid the policy limits on the judgment against its insured operator, the claimant sued Aetna for the difference between the $10,000 paid and the $24,000 judgment.  *Id.* at 254.

    b.   The Supreme Court in **Steen** held that, since the claimant did not have a contractual relationship with the claimant, the claimant could not garnish the insurance company without proving that the insurance company acted in bad faith in tort.  *Id.* at 255.

    c.   The rule in **Steen** has nothing to do with State Farm's subrogated right of garnishment against William Bartnick after paying Carman's attorneys' fees pursuant to the contract of insurance between State Farm and Carman.  Although both **Steen** and the circumstances of State Farm's claim against plaintiffs both involve garnishment, the basis of the garnishment is different in each circumstance.

### (5) Plaintiffs' counterclaims against State Farm.

31. Plaintiffs' counterclaims against State Farm involving allegations of breach of insurance contract and/or bad faith breach of insurance contract are addressed in the Court's contemporaneously issued "Order: Re – Plaintiffs' Motion to Add Counterclaim."

### E. Alleged Discovery Violations by "Institutional" Defendants.

32. Plaintiffs make a general allegation in their Motion that the "institutional" defendants did not adequately answer or respond to "Plaintiffs' Requests for Admission and Requests for Production of Documents" [Motion, §§ G-J at 3-7] and request sanctions under C.R.C.P. 37(a)(2)(B) [*id.*, § N at 8].

33. Plaintiffs do not, however, identify in their Motion the specific Requests for Admission or Requests for Production of Documents in their discovery requests which are allegedly deficient. Instead, plaintiffs provide a list of "what is missing in the returns of Admissions and Production of Documents as an offer of proof that Defendants continue to delay and hide the genuine evidence regarding the plaintiffs' claims and facts." [Motion, ¶¶ 20-57 at 4-7]. This list does not, however, correspond to specific discovery requests.

34. In the absence of the plaintiffs' specific identification of deficient discovery responses by number, the Court has reviewed each of the "institutional" defendants' responses to both Requests for Admission and Requests for Production of Documents tendered by plaintiffs for its adequacy under C.R.C.P. 26(b)(1):

### (1) Responses to Requests for Admission.

a. The Court finds the responses to the following Requests for Admission to be adequate: 5-7.

b. The Court finds the following Requests for Admission to be too broad to permit a response without undue burden: 1 & 2.

c. The Court finds the following Requests for Admission to be irrelevant to the issues involved with plaintiffs' claims: 3 & 4.

d. The Court finds the following Requests for Admission to request legal conclusions or opinions, rather than factual information: 8-20.

### (2) Responses to Requests for Production of Documents.

a. The Court finds the responses to the following Requests for Production of Documents to be adequate: 1, 2, 5-8, 11-13, 15-20.

   b. The Court finds the following Request for Admission to be too broad to permit a response without undue burden:  4.

   c. The Court finds the following Requests for Admission to be irrelevant to the issues involved with plaintiffs' claims:  3, 9, 10.

   d. The Court finds that Request for Production No. 14 may request relevant and discoverable documents, but the Court cannot determine exactly what information is being requested.

   (1) Before ruling on whether the objection of the "institutional" defendants is valid as to RFP 14, the Court will permit the plaintiffs to restate the RFP regarding <u>exactly</u> what documents are being requested.

   (2) Plaintiffs will have twenty (20) days from the date of this Order to restate RFP 14.  If no restatement of RFP is filed within that time, the Court will assume that the RFP is being abandoned.

  By Order of the Court this 7th day of November, 2012.

                    _____
                    John L. Wheeler
                    District Court Judge

Cc: All parties

  [Note:  Counsel for the moving party (or the party if unrepresented) is instructed by the Court to serve a copy of this order on any *pro se* party within ten (10) days of receipt.]