| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 South Potomac Street<br>Centennial, Colorado 80112 | **EFILED Document**<br>**CO Arapahoe County District Court 18th JD**<br>**Filing Date: Nov 07 2012 10:53AM MST**<br>**Filing ID: 47601568**<br>**Review Clerk: N/A** |
| Plaintiff: **WILLIAM BARTNICK AND LAURA LARKINS BARTNICK**<br>vs.<br>Defendants: **CITY OF ENGLEWOOD; et al.** | Case Number:<br><br>2009 CV 2198<br><br>Div.: 206 |
| **ORDER – RE: Plaintiffs' Motion to Add Counterclaim** ||

Having reviewed the plaintiffs' "Rule 106 Application for Order to Show Cause," and being otherwise fully advised of the premise of the Motion, the Court makes the following rulings:

### A. Counterclaim by Plaintiffs Against State Farm.

1. Notwithstanding its title, the Court finds that the plaintiffs' "Rule 106 Application for Order to Show Cause" (hereinafter, the "Motion") presents the following allegations and legal issues: [Note: The Court's interpretation of these facts and issues is not binding on either the plaintiffs or State Farm, but is only the Court's interpretation solely for the purpose of this Order.]

    a. Plaintiffs' residence at 3029 South Pearl Street, Englewood, CO was insured by State Farm on or about May 14-15, 2007.

    b. Plaintiffs incurred property damage to their residence due to the negligence of a contractor, Welsh Construction, LLC., on or about May 14-15, 2007.

    c. The damage to the residence was covered under the State Farm insurance policy.

    d. State Farm failed and/or refused to compensate the plaintiffs for damages to the residence covered by the insurance policy on the residence.

    e. State Farm, as assignee of former defendant Chris Carman, is currently seeking collection of a May 7, 2010 Judgment against plaintiffs in 09CV2198.

**Appendix A-7**

2.      Based on this interpretation of the plaintiffs' Motion, the Court finds as follows:

      a.      Plaintiffs have stated a colorable cause of action against State Farm for breach of insurance contract and/or bad faith breach of insurance contract.

      [**Note**:  Whether the facts stated by the plaintiffs actually state a claim for relief against State Farm is an issue which may be litigated between the parties.  The Court only finds that the plaintiffs have stated the bare elements of a claim at this time.]

      b.      Plaintiffs are requesting that the Court permit the plaintiffs to assert a counterclaim against State Farm in 09CV2198 based on these allegations.

      **B.      Amendment of Permissive Counterclaims.**

2.      C.R.C.P. 13(b) provides as follows:

      A pleading may state as a counterclaim any claim against an opposing party not arising out the transaction or occurrence that is the subject matter of the opposing party's claim.

3.      As a corollary to Rule 13(b), C.R.C.P. 13(f) provides:

      When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

 4.      Based on the facts alleged by the plaintiffs in their Motion, the Court finds that the claims alleged against State Farm are permissive counterclaims under Rule 13(b) because they allege facts which do not arise from the same transaction or occurrence as the plaintiffs' claim against the "institutional" defendants under 42 U.S.C. 1983.

5.      The Court also finds, however, that since these claims alleged accrued in 2007, they should have been pleaded against State Farm when State Farm entered its appearance in this case as the assignee of former defendant Chris Carmen on October 10, 2011.

6.      Nonetheless, due to the circumstances of State Farm's entry into this case as an assignee, rather than as a direct litigant sued by or suing another party in this case, and due to the plaintiffs' *pro se* status, the Court will consider joining the claims by the plaintiffs against State Farm as permissive counterclaims under Rules 35(b) and (f) as originally omitted due to oversight and inadvertence.

7.	In **Bohlender v. Oster**, 439 P.2d 999 (Colo. 1968), the Colorado Supreme Court indicates that the joinder of permissive counterclaims under Rule 13(b) is within the discretion of the trial court.  *Id.* at 1000.  This corresponds with the implied discretion afforded the trial court under Rule 13(f) when an existing counterclaim is omitted from an initial pleading.

8.	Therefore, under the Court's discretion implied in both Rule 13(b) and (f), the Court GRANTS plaintiffs' Motion to join counterclaims against State Farm into 09CV2198 as originally omitted due to oversight and inadvertence.

### C.	Procedural Status of Counterclaims.

9.	Due to the fact that plaintiffs' counterclaims involving breach of insurance contract and/or bad faith breach of insurance contract are being joined less than four months from the trial date in 09CV2198 regarding the 42 U.S.C. § 1983 claim against the "institutional" defendants, and since the claims against State Farm have no connection to the claims against the institutional defendants, the Court hereby SEVERS the plaintiffs' claims against State Farm from the claims against the "institutional" defendants for all purposes, including responsive pleadings, mandatory disclosures, discovery and trial.

10.	The Court therefore creates the following timetable for further proceedings in this case regarding the plaintiffs' counterclaims against State Farm:

	a.	State Farm's Answer (or other responsive pleading) is due on or before <u>November 30, 2012</u>.

	b.	Pursuant to C.R.C.P. 16(b)(1), the counterclaims against State Farm will be deemed "at issue" when State Farm's Answer is filed (i.e., not when a responsive pleading other than an Answer is filed).

	c.	Mandatory disclosures pursuant to C.R.C.P. 26(a)(1) will be due from <u>both</u> parties within thirty-five (35) days of the "at issue" date.

	d.	Formal discovery may not commence prior to forty-two (42) days after the "at issue" date.

11.	The Court reiterates that any and all issues may be litigated by the parties regarding plaintiffs' counterclaims against State Farm, including (but not limited to) the Court's decision to permit the joinder of these counterclaims in this Order.

By Order of the Court this 7th day of November, 2012.

_____
John L. Wheeler
District Court Judge

Cc:   All parties

[Note:  Counsel for the moving party (or the party if unrepresented) is instructed by the Court to serve a copy of this order on any *pro se* party within ten (10) days of receipt.]