EFILED Document
CO Arapahoe County District Court 18th JD
Filing Date: Nov 20 2012 06:14PM MST
Filing ID: 47884308
Review Clerk: N/A

DISTRICT COURT, ARAPAHOE COUNTY, COLORADO

Court Address: 7325 South Potomac Street
Centennial, Colorado 80112

Plaintiff: **WILLIAM BARTNICK AND LAURA LARKINS BARTNICK**

vs.

Defendants: **CITY OF ENGLEWOOD; et al.**

Case Number:

2009 CV 2198
Div.: 206

**ORDER – RE: Motion to Quash Subpoena *Duces Tecum***

Having reviewed the "Motion to Quash" filed by counsel for the "institutional" defendants, and being otherwise advised of the premise and current status of the Motion, the Court makes the following rulings:

### A. Procedural Background.

1. On May 7, 2010, the Court awarded former defendant Chris Carman attorneys' fees and costs against the plaintiffs in the amount of $6,766.45 pursuant to § 13-17-201.

2. On October 5, 2012, plaintiffs filed their "Objection to Calculation of the Amount of Exempt Earnings" regarding the attempts by Carman to garnish the wages of William Bartnick at Craig Rehabilitation Hospital.

3. On October 8, 2012, plaintiffs apparently attempted to solicit information informally from Jewel M. Traudt, Clerk of the Englewood Municipal Court allegedly regarding the 42 U.S.C. 1983 claims made by plaintiffs against the "institutional" defendants in this case.

4. On October 15, 2012, the Court ordered that a determination of whether Mr. Bartnick's wages were in whole or in part exempt from garnishment would be determined at hearing, and a hearing was subsequently scheduled for November 30, 2012, at 3:00 p.m.

5.      On November 14, 2012, the plaintiffs requested and received the Court's subpoena *duces tecum* (through the Clerk of the District Court) for Jewel Traudt to produce various documents at the November 30, 2012 hearing.

6.      Upon review of the subpoena *duces tecum* ("SDT"), the Court finds that each of the twenty-five types of documents identified involve information allegedly regarding the plaintiffs' 42 U.S.C. § 1983 claims against the "institutional" defendants, not the garnishment by Carman against the plaintiffs.

   **B.      Legal Analysis.**

7.      As a threshold matter, the Court finds that, since the Municipal Court is part of the City of Englewood, C.R.S. § 13-10-103, the City of Englewood has standing to object to a SDT served on a municipal employee; in this case, the Clerk of the Municipal Court.

8.      Since the City of Englewood is a party to 09CV2198, any request for the production of documents or for answers to written interrogatories to the Municipal Court of Englewood is a request to a party for the production of those documents or answers to those interrogatories.

9.      The production of documents from a party is governed by C.R.C.P. 34(b), including a written request for production, and then a response and/or production of the requested documents within thirty-five (35) days of the request.  Similarly, written interrogatories between parties are governed by C.R.C.P. 33(b) following a similar schedule.

10.     A SDT for production of those documents under C.R.C.P. 45(b) is for production of document from a <u>non-party</u>, not from a party.  The Rules do <u>not</u> require or permit a party to go to the time and expense of a formal SDT when documents are requested from another party, nor is the responding party or the Court required to schedule time for a SDT return date for the production of documents from a party by subpoena.

11.     Therefore, the SDT served by the plaintiffs on Jewel M. Traudt, as an employee of the City of Englewood to produce documents on November 30, 2012 at 3:00 in Division 206 is hereby VACATED as neither contemplated nor permitted under Rule 45(b).

12.     With that said, the Court considers that <u>the SDT served by the plaintiffs on Jewel M. Traudt is the equivalent of a Rule 34(b) request for production of documents and Rule 33(b) written interrogatories on the City of Englewood</u> for the production of documents and answers to interrogatories from the Englewood Municipal Court, just as if written discovery had been served on the "institutional" defendants.  The plaintiffs need do no more to have effective service on the "institutional" defendants of their request for production of the documents and written interrogatories identified in the SDT.

13. With the information requested in plaintiffs' SDT characterized as written discovery to the City of Englewood under Rules 33(b) and 34(b), no response is required by the City of Englewood to such discovery until thirty-five (35) after the date of service on November 14, 2012, or on or before December 19, 2012.

14. Consequently, the Court will not address any issues regarding answers or responses to the written discovery requests contained in the SDT from the City of Englewood at the November 30, 2012 hearing because the City of Englewood is not required to answer or respond to those requests until December 19, 2012.

By Order of the Court this 20th day of November, 2012.

_____
John L. Wheeler
District Court Judge

Cc: All parties

[Note: Counsel for the moving party (or the party if unrepresented) is instructed by the Court to serve a copy of this order on any *pro se* party within ten (10) days of receipt.]