| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 South Potomac Street<br>Centennial, Colorado 80112 | **EFILED Document**<br>**CO Arapahoe County District Court 18th JD**<br>**Filing Date: Nov 26 2012 06:39PM MST**<br>**Filing ID: 47949522**<br>**Review Clerk: N/A** |
| Plaintiff: **WILLIAM BARTNICK AND LAURA LARKINS BARTNICK**<br>vs.<br>Defendants: **CITY OF ENGLEWOOD; et al.** | Case Number:<br><br>2009 CV 2198<br>Div.: 206 |
| **ORDER – RE: Motion to Quash Subpoena *Duces Tecum* – Brian Wages** | |

Having reviewed "Defendant State Farm Fire and Casualty Company's Motion to Quash Subpoena of Brian Wages," and being otherwise advised of the premise and current status of the Motion, the Court makes the following rulings:

### A. Procedural Background.

1. On May 7, 2010, the Court awarded former defendant Chris Carman attorneys' fees and costs against the plaintiffs in the amount of $6,766.45 pursuant to § 13-17-201.

2. On October 5, 2012, plaintiffs filed their "Objection to Calculation of the Amount of Exempt Earnings" regarding the attempts by Carman to garnish the wages of William Bartnick at Craig Rehabilitation Hospital.

3. On October 15, 2012, the Court ordered that a determination of whether Mr. Bartnick's wages were in whole or in part exempt from garnishment would be determined at hearing, and a hearing was subsequently scheduled for November 30, 2012, at 3:00 p.m.

4. On November 15, 2012, the plaintiffs requested and received the Court's subpoena *duces tecum* (through the Clerk of the District Court) for Brian Wages, an agent of State Farm, to produce various documents at the November 30, 2012 hearing.

5. Upon review of the subpoena *duces tecum* ("SDT"), the Court finds that each of the five (5) types of documents identified in the SDT involve information allegedly regarding the plaintiffs' breach of contract/bad faith breach of insurance contract claims

which the Court permitted plaintiffs to join in this case by its Order of November 7, 2012, not the garnishment by Carman against the plaintiffs.

### B.  Legal Analysis.

6.  The production of documents from a party (or the agent of a party, such as Brian Wages) is governed by C.R.C.P. 34(b), including a written request for production, and then a response and/or production of the requested documents within thirty-five (35) days of the request.  Similarly, written interrogatories between parties are governed by C.R.C.P. 33(b) following a similar schedule.

7.  A SDT for production of those documents under C.R.C.P. 45(b) is for production of document from a <u>non-party</u>, not from a party.  The Rules do <u>not</u> require or permit a party to go to the time and expense of a formal SDT when documents are requested from another party, nor is the responding party or the Court required to schedule time for a SDT return date for the production of documents from a party by subpoena.

8.  Further, the claims against State Farm have no relevance to the November 30, 2012 hearing involving Carman's attorneys' fee claim against the plaintiffs.

9.  Therefore, the SDT served by the plaintiffs on Brian Wages, as an agent of State Farm, to produce documents on November 30, 2012 at 3:00 in Division 206 is hereby VACATED as neither contemplated nor permitted under Rule 45(b).

10.  Although the plaintiffs will be permitted to serve written discovery on State Farm, including requests for production of documents possessed by Brian Wages pursuant to Rule 34(b), such a request is not timely prior to the "at issue" date following the filing of State Farm's responsive brief due on or before November 30, 2012 (11/7/12 Order, ¶ 10.a.).  Therefore, plaintiffs' November 15, 2012 SDT is of <u>no effect or force</u> on State Farm and need not be responded to in any way at this time.

By Order of the Court this 26th day of November, 2012.

_____
John L. Wheeler
District Court Judge

Cc: All parties
[Note:  Counsel for the moving party (or the party if unrepresented) is instructed by the Court to serve a copy of this order on any *pro se* party within ten (10) days of receipt.]