EFILED Document
CO Arapahoe County District Court 18th JD
Filing Date: Nov 29 2012 08:34AM MST
Filing ID: 48024182
Review Clerk: N/A

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| Plaintiff: **WILLIAM BARTNICK AND LAURA LARKINS BARTNICK**<br><br>vs.<br><br>Defendants: **CITY OF ENGLEWOOD; et al.** | Case Number:<br><br>2009 CV 2198<br>Div.: 206 |
| **ORDER – RE:  Motion for Sanctions Against Plaintiffs** | |

Having reviewed the "Motion for Sanctions and Award of Fees" filed by the "institutional" defendants, including the response filed by the plaintiffs entitled "Rule 37 Memorandum Supporting Default Judgment," and the defendants' reply, and being otherwise fully advised of the premise of the Motion, the Court makes the following rulings:

### A.    Procedural and Factual Background.

1.    On December 15, 2009, and July 24, 2010, the Court found that the plaintiffs had alleged sufficient facts which, if assumed to be true pursuant to C.R.C.P. 12(b)(5), supported a claim for damages under 42 U.S.C. § 1983 based on allegations that the "institutional" defendants violated the plaintiffs' constitutionally protected right to religious freedom under the First Amendment to the United States Constitution through the City's actions regarding the zoning of the plaintiffs' property and other related administrative activities.

2.    The Court based its decision to permit the plaintiffs' 42 U.S.C. § 1983 claim to go forward on the information set forth in the following documents filed by these *pro se* parties:

9/30/09    -    Complaint with Affidavits ("Complaint")

10/29/09  -    Amended Complaint as to Englewood Trial Cases and B292 ("Amended Complaint")

**Appendix A-30**

12/2/09  -  Motion to Admit Relevant Evidence Showing Habitual Violation or Routine Practice in Support of Plaintiffs' Amended Complaint ("Amended Complaint II")

3/25/10  -  Plaintiffs' C.R.C.P. 12(e) More Definite and Supplemental Statement

3.     These four documents contain 49 pages of single-spaced factual allegations of specific conduct by each of the "institutional" defendants and their interactions with former defendants (subsequently dismissed by the Court), including public and private meetings, in-person and telephone conversations, documents, memoranda, e-mails, authorizations for police and administrative conduct, and allegations of collusion, extortion, slander, threats and intimidation through government action, all of which allegedly violated plaintiffs' constitutionally protected right to religious freedom.

4.     A significant number of these allegations (particularly those involving conversations and communications with the plaintiffs, actions by governmental representatives directly involving the plaintiffs, and actions taken by the plaintiffs in response to governmental actions) depend upon the direct testimony of the plaintiffs to establish the liability of the "institutional" defendants and the plaintiffs' own claims of damages arising from this conduct.

5.     On May 29, 2012, counsel for the "institutional" defendants noticed the plaintiffs' depositions for July 12, 2012 at 9:00 a.m.  On June 26, 2012, the defendants amended this notice and reschedule the plaintiffs' depositions for September 17, 2012 at 9:00 a.m. On July 17, 2012, defendants filed a second amended notice indicating that the September 17 depositions would be videotaped.

6.     On August 30, 2012, plaintiffs filed a motion to prevent the "institutional" defendants from taking their depositions on September 17, 2012, on various grounds, including counsel's failure to confer regarding an appropriate date and time.  On September 9, 2012, although Court denied plaintiffs' motion to quash the depositions on legal grounds, the Court did require defendants to reschedule the videotaped depositions to a more convenient date.

7.     On September 18, 2012, counsel for the "institutional" defendants conferred with plaintiffs in accordance with the Court's 9/17/12 Order and reset the videotaped depositions for October 25, 2012 at 9:00 a.m.  On September 21, 2012, plaintiffs filed their second motion to quash the depositions, and on September 25, 2012, the Court denied plaintiffs' motion to quash, but did set certain guidelines about document production, videotaping and dissemination of the deposition transcripts.

8.     On October 5, 2012, plaintiffs filed their third motion to quash the October 25, 2012 depositions, and on October 6, 2012, the Court entered the following Order:

a.  Plaintiffs assert that their right against unlawful search and seizure under the Fourth Amendment to the United States Constitution (and the Colorado Constitution) would be violated by submitting to oral depositions by counsel for the "institutional" defendants.  The Court rejects this argument:

(1)  By filing their Complaint for damages under 42 U.S.C. 1983 against the defendants, the plaintiffs have implicitly agreed to be bound to the Colorado Rules of Civil Procedure, and are presumed to be aware of and bound by those Rules, regardless of the fact that they are representing themselves without counsel, *pro se*.  C.R.C.P. 1(a);  **Negron v. Golder**, 111 P.3d 538, 541 (Colo. App. 2004).

(2)  C.R.C.P. 26(b) provides both general and specific protections to the plaintiffs during the course of a deposition regarding the relevance of questions which may be asked, and Rules 30 and 121(c) § 1-12(1) regulate the scheduling of the deposition.

(3)  Without a showing of extraordinary circumstances or the filing of a motion to stay the deposition for good cause shown, proper notice of an oral deposition on an opposing party compels the attendance of that party at the deposition.  C.R.C.P. 30(b).

(4)  Although objections to any questions may be interposed by the witness being deposed, unless the information requested in the question addresses issues of confidentiality or privilege, "[e]vidence objected to shall be taken subject to the objections."  C.R.C.P. 30(c).

b.  Plaintiffs' argument that the "institutional" defendants do not have standing to take the plaintiffs' deposition because the defendants have not established an injury or damages caused by the plaintiffs is not well taken:

(1)  Plaintiffs have, of course, alleged damages against the defendants in their Complaint under 42 U.S.C. § 1983.  By these allegations, C.R.C.P. 30(a) expressly permits the defendants to take the depositions of the plaintiffs in order to obtain relevant information about the factual basis for plaintiffs' claim and the factual basis for the plaintiffs' alleged damages.

(2)  The fact that the defendants have no counterclaim for damages against the plaintiffs does not prevent the defendants from deposing the plaintiffs under Rule 30(a).

c.  As noted in the Court's July 24, 2010 Order, ¶ 10.a., plaintiffs have a claim against the "institutional" defendants under 42 U.S.C. § 1983 for violating their right to religious freedom regarding the zoning of their property and other administrative activities related to that zoning.  Having pleaded such a claim,

plaintiffs cannot now deny the defendants an opportunity to depose the plaintiffs as to the factual basis for that claim and the factual basis for their alleged damages.  That is the express purpose of Rule 30(b).

d.  Not only are the plaintiffs required to attend the depositions scheduled for October 25, 2012, but if the Court should find that a witness has impeded or delayed a deposition without good cause, or that a witness has frustrated the fair examination by opposing counsel, the Court may impose on the person responsible for the delay or frustration an appropriate sanction, including but not limited to, reasonable costs and/or attorneys' fees incurred by the opposing party. C.R.C.P. 30(d)(2).

e.  Additional sanctions are permitted to be entered by the Court against a party for failing to respond to relevant, non-privileged questions during an oral deposition under C.R.C.P. 37(a)(2)(B) by motion of the opposing party. Sanctions could include, but are not limited to, admission of facts, waiver of opposition to facts being established, the striking of claims or parts thereof, and contempt of court.

[9/6/12 Order, ¶ 3].

9.     On October 17, 2012, the plaintiffs filed their "Affidavit to Vacate Depositions and Notice of Reliance on Faith, the Constitution, Legislation and Rules of Discovery" (hereinafter "Affidavit") which included the following information:

a.     The Affidavit provides clear and unambiguous notice to the Court and to the "institutional" defendants that, despite the Court's 9/25/12 Order and notice of the rescheduled depositions on October 25, 2012, the plaintiffs would not appear at the depositions:

The Bartnicks have finally decided they will not attend this deposition for the following reasons within the scope of Rule 37, C.R.C.P. and the sanctuary of their faith.

[Affidavit at 1, ¶ F].

b.     The plaintiffs' Affidavit then lists various reasons why they will not appear at the October 25, 2012 depositions, including (1) their religious faith, (2) damage to their marriage which may result from the depositions, and (3) their belief that the Court erroneously ordered that the depositions go forward in its 9/25/12 Order.

[*Id.* at 2-3].

     c.     Plaintiffs also acknowledged that sanctions may enter against them pursuant to C.R.C.P. 37 for their failure to appear at their depositions: "The Bartnicks are willing to accept the risk at law, although they object to sanctions for the above reasons set forth."  [Affidavit at 3, ¶ 11].

10.     On October 25, 2012, the Court was notified by counsel for the "institutional" defendants that the depositions of the plaintiffs had convened at 9:00 a.m. at counsel's office as noticed on September 18, 2012, and as confirmed by the Court in its 9/25/12 Order, but that the plaintiffs did not appear.

11.     Later on October 25, 2012, the Court issued its Order indicating that the Court would <u>not</u> entertain a motion from the "institutional" defendants for costs and fees associated with the plaintiffs' failure to appear at the deposition based on the plaintiffs' clear notification on October 17, 2012, that they would not appear.  The Court did indicate that any other motion by the defendants regarding sanctions under C.R.C.P. 37 for the failure to appear would be received, however.

12.     On November 1, 2012, counsel for the "institutional" defendants filed their Motion for sanctions under Rule 37.  Plaintiffs' response was filed on November 9, 2012, with defendants' reply filed on November 15, 2012.

**B.     Standard of Review.**

13.     That the "institutional" defendants have the right to depose the plaintiffs regarding both the claims of liability and of damages arising from the plaintiffs' claim under 42 U.S.C. § 1982 (as noted by the Court in its October 6, 2012 Order above in ¶ 8) is not in dispute.

14.     Similarly, the fact that the defendants had notice of the October 25, 2012 depositions (and, in fact, had conferred with and agreed to that date through counsel for the "institutional" defendants), then notified counsel for the defendants and the Court on October 17, 2012, that they would not appear at the depositions, and then did not appear for the depositions on October 25, 2012, is also not in dispute.

15.     C.R.C.P. 37(d) provides:  "If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . ., the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized by subparagraphs (A), (B), and (C) of subsection (b)(2) of this Rule."

     a.     Rule 37(b)(2) provides the Court with the following alternative sanctions:

(A)  An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B)  An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C)  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

C.R.C.P. 37(b)(2)(A)-(C).

16.     "Whether to impose sanctions and the nature of the sanctions to be imposed are matters for the sound exercise of the trial court's discretion, and the courts are given flexibility in choosing the appropriate sanction."  **Nagy v. District Ct.**, 762 P.2d 158, 160 (Colo. 1988).

17.     The "institutional" defendants are requesting the most severe sanction against the plaintiffs for their refusal to be deposed – dismissal of their 42 U.S.C. § 1983 claims against the defendants.  Under Colorado law, a trial court must make specific findings of fact in order to exercise this sanction, and any sanction imposed must be commensurate with the offending party's conduct and the prejudice inflicted:

In view of the fact that sanctions authorized in C.R.C.P. 37(b)(2) range over a wide area - *e.g.,* an order staying the proceedings until the discovery order is obeyed, an order designating facts as established, an order prohibiting the disobedient party from establishing a claim or defense, the entry of a default judgment against the disobedient party - a court should exercise an informed discretion in imposing a sanction which is commensurate with the seriousness of the disobedient party's conduct. Although C.R.C.P. 37 offers little guidance to a trial court in selecting one sanction over others, we believe the rule should be applied in a manner that effectuates proportionality between the sanction imposed and the culpability of the disobedient party. The presence or absence of culpable conduct, therefore, should remain an important consideration in the imposition of a litigation-ending sanction such as a default judgment. Thus, while simple negligence might be sufficient for the imposition of a lesser sanction, we do not believe that it should justify the drastic sanction of default, thereby terminating the litigation at the discovery phase without regard to the merits of the case.

**Kwik Way Stores, Inc. v. Caldwell**, 745 P.2d 672, 677 (Colo. 1987)(emphasis added). With that said, imposing the "ultimate" sanction of dismissal does not necessarily require a finding of "willful" conduct by the offending party:

> We conclude that, contrary to the ruling of the court of appeals, it is not necessary that a party's failure to appear for a deposition be willful in order for a trial court to enter a default or other sanction under C.R.C.P. 37(d). Rather, we hold that, while willfulness is one factor to consider, a trial court may impose the sanction of default under C.R.C.P. 37(d) when a party's failure to appear for a deposition was the result of bad faith or fault amounting at least to gross negligence.

*Id.* at 675.

18.     Given the similarity of the corresponding Federal Rules of Civil Procedure to C.R.C.P. 37 regarding discovery violations, the Court will also consider the federal requirements preceding the sanction dismissal of claims:

> Before recommending dismissal of a case under Fed.R.Civ.P. 41(b), I must consider and address the factors set forth in *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective.

**Cooper v. U.S.**, 2010 WL 537759 at 2 (D.Colo. 2010)(nsfop).

### C.    Legal Analysis.

19.     The Court finds that the guidance provided through the Federal Rules of Civil Procedure as set forth in **Cooper v. U.S.**, *supra*, is useful in analyzing the plaintiffs' refusal to attend their deposition on October 25, 2012:

        a.      Given the nature of the plaintiffs' claim under 42 U.S.C. § 1983, their claims of damages, and their allegations of conduct involving the "institutional' defendants which depend upon the plaintiffs' own testimony about occurrences, observations and conversations, the defendants will be severely prejudiced if they are not permitted to depose the plaintiffs prior to trial.

        b.      Given the central position of the plaintiffs' depositions in the "institutional" defendants' defense to the plaintiffs' claims, the plaintiffs' failure to attend their depositions seriously interferes with the judicial process of discovery under the Rules.

        c.      Based on the plaintiffs' numerous motions seeking to quash the depositions and the express notification by the plaintiffs to the Court and counsel on October 17, 2012, that, with full knowledge that the depositions were scheduled to commence on October 25. 2012 at 9:00 a.m. at counsel's office, the plaintiffs would not appear, the Court must conclude that the plaintiffs intended not to attend their depositions.

7

d.      During the process of addressing the plaintiffs' various motions regarding the propriety of the videotaped depositions, the Court expressly notified the plaintiffs on October 6, 2012, that sanctions could enter against them if they failed and/or refused to attend their depositions, including dismissal of their claims.  10/6/12 Order, ¶ 3.e.

e.      In the Court's opinion, a sanction under Rule 37(b)(2) lesser than outright dismissal of claims, including the inadmissibility of evidence to be presented by the plaintiffs, the presumption of proof of certain defenses to be presented by the defendants, the award of fees and costs against the plaintiffs, or partial dismissal of certain claims would not address the prejudicial impact on the "institutional" defendants and their failure to be able to prepare for trial caused by the plaintiffs' refusal to attend their depositions.

20.     Under the proportionality analysis set forth under the Colorado Rules in **Kwik Way Stores**, *supra*, the Court must also conclude that, although dismissal is without question the most serious sanction which can be imposed, that sanction is the only alternative available to the Court which will prevent the "institutional" defendants from being unfairly prejudiced at trial in mounting a defense to the as-of-yet unsupported factual allegations of tortious conduct by the defendants and damages claimed by the plaintiffs.

21.     Therefore, the Court finds that, based on the plaintiffs' refusal to attend their depositions on October 25, 2012, the plaintiffs' claims against the "institutional" defendants under 42 U.S.C. § 1983 are hereby DISMISSED with prejudice.

22.     The Court will address the "institutional" defendants' Motion for attorneys' fees separately.


By Order of the Court this 29th day of November, 2012.


_____
John L. Wheeler
District Court Judge

Cc:     All parties

[Note:  Counsel for the moving party (or the party if unrepresented) is instructed by the Court to serve a copy of this order on any *pro se* party within ten (10) days of receipt.]