| | EFILED Document<br>CO Arapahoe County District Court 18th JD<br>Filing Date: Dec 05 2012 07:48PM MST<br>Filing ID: 48212091<br>Review Clerk: N/A |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| Plaintiff: **WILLIAM BARTNICK AND LAURA LARKINS BARTNICK**<br>vs.<br>Defendants: **CITY OF ENGLEWOOD; et al.** | Case Number:<br><br>2009 CV 2198<br>Div.: 206 |
| **ORDER – RE:  11-30-12 Garnishment Hearing** | |

Having conducted a hearing on November 30, 2012, regarding the defendant's "Objection to Calculation of he Amount of Exempt Earnings" regarding the garnishment of plaintiff William Bartnick's wages at Craig Rehabilitation Hospital by State Farm, and being otherwise advised of the premise of the Motion, the Court confirms the Orders from the Bench at the conclusion of the hearing:

1.     Assuming (for the purpose of the plaintiff's Motion <u>only</u>) that William Bartnick devotes some portion of his wages toward a religious charity, the Court found that, although bankruptcy law permits a bankruptcy judge to apportion a reasonable amount of a debtor's wages as exempt for charitable purposes and not subject to payment to creditors, no such exemption exists outside of bankruptcy in debtor-creditor garnishment proceedings.  **In re Faulkner**, 165 B.R. 644, 648-649 (W.D. Mo. 1994).

2.     Therefore, the Court DENIED plaintiffs' Motion objecting to State Farm's garnishment of William Bartnick's wages.

3.     The Court provided the plaintiffs with fourteen (14) days from the date of the hearing (December 14, 2012) within which to file a motion for reconsideration of the Court's November 30, 2012 ruling pursuant to C.R.C.P. 59(a).  If no post-hearing motion is filed, then the plaintiffs' have forty-five-days (45) from the date of the hearing (or until January 14, 2013) within which to file a Notice of Appeal regarding this Court's opinion pursuant to C.A.R. 4(a).  If plaintiffs file a post-hearing motion, then their appellate rights expire forty-five (45) days after the Court rules on their Motion.

**Appendix A-45**

4.      Pursuant to C.R.C.P. 62(a), State Farm is not permitted to execute on any garnishment (or collect any funds in escrow or in the Court's Registry) against William Bartnick's employer for fourteen (14) days from the date of the hearing (until December 14, 2012).  If plaintiffs file a post-hearing motion on or before December 14, 2012 (*see* ¶ 3 above), then any garnishment by State Farm will be postponed until the Court rules on the post-hearing motion.

5.      If the plaintiffs' appeal the Court's November 30, 2012 ruling (*see* ¶ 3 above), then State Farm may proceed with its execution of its garnishment (as outlined in ¶ 4 above), unless the plaintiffs file a supersedeas bond in the amount of the Judgment pursuant to C.R.C.P. 62(b).

6.      State Farm is permitted to file a supplement to the Court's May 7, 2010 Judgment for attorney costs and fees against the plaintiffs no later than fourteen (14) days after the hearing (by December 14, 2012).

      By Order of the Court this 5th day of December, 2012.

_____
John L. Wheeler
District Court Judge

Cc:    All parties

[Note:  Counsel for the moving party (or the party if unrepresented) is instructed by the Court to serve a copy of this order on any *pro se* party within ten (10) days of receipt.]