IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-03208-RBJ-MJW

WILLIAM BARTNICK and
LAURA LARKINS BARTNICK,

Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant(s).

---

**ORDER REGARDING
PRO SE PLAINTIFFS' JURISDICTIONAL RULE 12(B),(G) AND (H) MOTION RE:
THE NATURE OF THE CASE REMOVED [sic] (DOCKET NO. 25)
[which this court construes as a Motion to Remand];**

**PRO SE PLAINTIFF'S [sic]  MOTION TO STRIKE DEFENDANTS' [sic] PLEADINGS
AND ANSWERS AND DISCOVERY AND ENTER FINAL JUDGMENT (ATTACHED)
AND PLAINTIFFS' REPLY BRIEF RE: GROUNDS AND RULES 11, 12, 37, 41, 52, 56,
57, 59, AND 60 MOTION (ATTACHED)[sic]  (DOCKET NO. 32);**

**DEFENDANT'S MOTION TO STRIKE DOCKET NUMBER [sic]
33-1, 39, 39-1, AND 40 (DOCKET NO. 46)**

**AND**

**RECOMMENDATION ON
PRO SE PLAINTIFFS' MOTION FOR TEMPORARY INJUNCTION FROM
GARNISHMENT AND LEVY (DOCKET NO. 27)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for ruling on (1) Pro Se Plaintiffs' Jurisdictional

Rule 12(b), (g) and (h) Motion Re: The Nature of the Case Removed [sic] (docket no.

25), which this court construes as a Motion to Remand; (2) Pro Se Plaintiffs' Motion for

2

Temporary Injunction from Garnishment and Levy (docket no. 27); (3) Pro Se Plaintiff's [sic] Motion to Strike Defendants' [sic] Pleadings and Answers and Discovery and Enter Final Judgment (Attached) and Plaintiffs' Reply Brief Re: Grounds and Rule 11, 12, 37, 41, 52, 56, 57, 59 and 60 Motion (Attached) (docket no. 32); and (4) Defendant's Motion to Strike Docket Number [sic] 33-1, 39, 39-1 and 40 (docket no. 46) pursuant to an Order of Reference (docket no. 30) by the Honorable R. Brooke Jackson.

The court has reviewed the subject motions (docket nos. 25, 27, 32, and 46), the responses (docket nos 29, 41, and 42), and the replies (docket nos. 35, 39, and 40). In addition, the court has taken judicial notice, pursuant to Fed. R. Evid. 201, of the court's file and the Arapahoe County District Court case captioned: <u>William Bartnick and Laura Bartnick v. City of Englewood, et al.</u>, case no. 09-cv-2198 [hereinafter state case]. Further, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, order, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the parties and over the Pro Se Plaintiffs' breach of contract and bad faith claims **ONLY** based upon the removal from the Arapahoe County District Court pursuant to 28 U.S.C. §§ 1441(a),1446(a), and 1332;

2. That venue is proper in the state and District of Colorado;

3

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this case has a tortured history in the Arapahoe County District Court. See docket no. 1, 1-1 through 1-48, inclusive;

5. That in November 2007, the Pro Se Plaintiffs were contacted by the City of Englewood and notified of several complaints from their neighbors that they were operating the South Pearl Street property that they owed as a boarding house. Plaintiffs were eventually prosecuted by the City of Englewood for running an illegal boarding house and running a boarding house without permits;

6. That after being convicted of running an illegal boarding house and running a boarding house without permits in the City of Englewood Municipal Court, the Pro Se Plaintiffs filed a lawsuit in the Arapahoe County District Court, case no. 09-cv-2198 [hereinafter state case], on September 9, 2009, against the City of Englewood, City of Englewood Judge Vincent Ross Atencio, City Mayor Robert McCaslin, a number of Plaintiffs' neighbors, and numerous other city employees. See docket 1-4. It should be noted that the original complaint named 14 defendants. One of the neighbors sued in that case, Chris Carman, was insured by Defendant State Farm Fire and Casualty Company [hereinafter Defendant]. On March 15, 2010, the state court [Judge Wheeler] dismissed all of Plaintiffs' claims against Ms. Carman. See docket no. 44-2 at p. 5

4

captioned Order Re: Outstanding Motions III.  The state court [Judge Wheeler] found that the claims against Ms. Carman were frivolous, and Ms. Carman was awarded attorney fees against the Plaintiffs.  Thereafter, State Farm [Defendant] substituted into the state case to collect the attorney's fees and costs that were awarded to Ms. Carman since State Farm [Defendant] provided a defense for Ms. Carman against the Pro Se Plaintiffs' claims in the state case.  See docket no. 44-4 regarding Order Re: Defendant Carman's Motion to Substitute Party in the state case.  Also see docket no. 44-3 regarding Order Re: Motion for Attorneys' Fees - Carman in the state case.  In a nutshell, the state court [Judge Wheeler] allowed State Farm [Defendant] to substitute as the real party in interest for Ms. Carman on October 11, 2010, and the state court [Judge Wheeler] awarded attorney's fees and costs in favor of Ms. Carman in the amount of $6,766.45 and against the Pro Se Plaintiffs on May 7, 2010;

7. That on November 1, 2012, the Pro Se Plaintiffs filed a pleading in the state case captioned "Rule 106 Application for Order to Show Cause."  See docket no. 1-5.  This pleading was later interpreted by the state court [Judge Wheeler] as a Motion to Assert Claims Against State Fire and Casualty Company [Defendant].  See docket no. 1-9;

8.  That on November 7, 2012, the state court [Judge Wheeler]

5

entered his Order Re: Plaintiffs' Motion to Add Counterclaim (docket no. 1-9).  In this Order, the state court [Judge Wheeler] found that the Pro Se Plaintiffs had advanced colorable claims against State Farm [Defendant] for breach of contract and bad faith arising from a May 2007 water loss that occurred at property owned by the Pro Se Plaintiffs and ordered State Farm [Defendant] to file an Answer on or before November 30, 2012.  However, the state court [Judge Wheeler] also found that the Pro Se Plaintiffs' claims against State Farm [Defendant] for breach of contract and bad faith were ***wholly unrelated*** to the issues presented in the existing state case [i.e., case no. 09-cv-2198], and, therefore, he ***severed the Pro Se Plaintiffs' claims against State Farm [Defendant] for all purposes from any issues then before the state court.***  See docket no. 1-9, p. 2-3;

9. That on November 29, 2012, the state court [Judge Wheeler] dismissed all remaining defendants in the state case as a sanction for the Pro Se Plaintiffs' failure to appear for their depositions.  See docket no. 1-32.  Furthermore, other defendants had already been dismissed on other grounds previously.  See state court record (docket nos. 1, 1-3).  Therefore, as of November 29, 2012, the only remaining issues before the state court [Judge Wheeler] were (1) State Farm's [Defendant's] collection of its award of attorney's fees

and costs associated with the Pro Se Plaintiffs' state case against Ms. Carman and (2) the Pro Se Plaintiffs' recently-pled claims against State Farm [Defendant] for breach of contract and bad faith. State Farm [Defendant] was not required to secure unanimous consent of all defendants in the underlying state case [09-cv-2198] for removal to this court since all of the defendants in the underlying state case [09-cv-2198] were dismissed prior to the removal of this case to United States District Court for the District of Colorado. Furthermore, I find that the Pro Se Plaintiffs' objections premised on Fed. R. Civ. P. 12 are without merit;

10. That the Notice of Removal was filed timely by State Farm [Defendant] with this court on December 7, 2012. See docket no. 1. In its Notice of Removal, State Farm [Defendant] provided a short and concise statement regarding the grounds for removal. This court finds that State Farm [Defendant] has demonstrated in its Notice of Removal that the parties are diverse and that the jurisdiction amount contained in 28 U.S.C. § 1332 has been met. Therefore, this court has diversity jurisdiction over this case [i.e., Plaintiffs' breach of contract and bad faith claims].  In addition, State Farm [Defendant] filed contemporaneously with its Notice of Removal all pleadings filed in state case [09-cv-2198] from the date that the court [Judge Wheeler] allowed the Pro Se Plaintiffs' breach of contract and bad faith claims against State Farm [Defendant].

7

      See docket no. 1-3 to 1-48, inclusive.  Lastly, this court finds that State Farm [Defendant] has complied with D.C.COLO.LCivR 81.1 by filing with its Notice of Removal a complete copy of the state court docket.  See docket no. 1-3.  For these reasons, the Pro Se Plaintiffs' Jurisdictional Rule 12(b),(g) and (h) Motion Re: The Nature of the Case Removed [sic](docket no. 25), which this court construes as a Motion to Remand, should be DENIED;

11.   That a [TRO] "or preliminary injunction is extraordinary relief." Statera, Inc. v. Hendrickson, 2009 WL 2169235, *1 (D. Colo. July 17, 2009).  Injunctive relief should be granted only when the moving party clearly and unequivocally demonstrates its necessity.  See Schrier v. University of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005).  In the Tenth Circuit, the party requesting injunctive relief must establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. Id.  "In addition to the foregoing factors, a party seeking a [TRO] also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a [TRO]." Statera, 2009 WL 2169235, at *1.

8

        Furthermore, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, . . . [the Tenth Circuit has] identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." Schrier, 427 F.3d at 1258-59 (citation and quotations omitted). "Such disfavored injunctions 'must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course.'" Id. at 1259.

12. That the Pro Se Plaintiffs have filed their Pro Se Plaintiffs' Motion for Temporary Injunction from Garnishment and Levy (docket no. 27) in the wrong court. This court does not have jurisdiction over the relief sought in this motion. The relief sought in this motion pertains to the award of attorney's fees and costs that the state court [Judge Wheeler] ordered in favor of Ms. Carman in the amount of $6,766.45 and against the Pro Se Plaintiffs on May 7, 2010. The state court, not this court, retains jurisdiction for the enforcement of that award of attorney's fees and costs [$6,766.45]. The only claims before this court, based upon the removal, are the Pro Se Plaintiffs' breach of contract and bad faith claims.

Accordingly, the Pro Se Plaintiffs' Motion for Temporary Injunction from Garnishment and Levy (docket no. 27) should be DENIED WITHOUT PREJUDICE for lack of jurisdiction.  If the Pro Se Plaintiffs wish to seek a temporary injunction relating to the garnishment and levy on the attorney's fees and costs totaling $6,766.45, then they must file such a motion in the state case [09-cv-2198]; and

13. That as to docket nos. 33-1, 39, 39-1, and 40, such documents are irrelevant to the case before this court, and the Pro Se Plaintiffs are not in compliance with Fed. R. Civ. P. 15(a) if such documents [i.e., docket nos. 33-1, 39, 39-1, and 40] are intended by the Pro Se Plaintiffs to be amendments to their claims.  Accordingly, docket nos. 33-1, 39, 39-1, and 40 should be STRICKEN.  Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.  Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986).  It is not the proper function of the district court to assume the role of advocate for the pro se litigant.

10

<u>Gibson v. City of Cripple Creek</u>, 48 F.3d 1231 (10th Cir. 1995).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Pro Se Plaintiffs' Jurisdictional Rule 12(b),(g) and (h) Motion Re: The Nature of the Case Removed [sic](docket no. 25), which this court construes as a Motion to Remand, is **DENIED**;

2. That the Pro Se Plaintiffs' Motion to Strike Defendants' Pleadings and Answers and Discovery and Enter Final Judgment (Attached) and Plaintiffs' Reply Brief Re: Grounds and Rule 11, 12, 37, 41, 52, 56, 57, 59, and 60 Motion (Attached) (docket no. 32) is **DENIED**;

3. That the Defendant's Motion to Strike Docket Number 33-1, 39, 39-1, and 40 (docket no. 46) is **GRANTED**. The Documents identified as docket nos. 33-1, 39, 39-1, and 40 are **STRICKEN**;

4. That each party shall pay their own attorney fees and costs for these motions; and

5. That a Rule 16 Scheduling Conference is set before the Magistrate Judge Watanabe on February 26, 2013, at 1:30 p.m. in Courtroom A-502. The proposed Rule 16 Scheduling Order shall be filed with the court five (5) days prior to the Rule 16 Scheduling Conference. State Farm [Defendant] shall file the proposed Rule 16 Scheduling Order electronically with the court since the Pro Se Plaintiffs are not

subject to electronic filing in this court. The parties shall forthwith meet, confer, and set a date certain to meet, discuss, and complete the proposed Rule 16 Scheduling Order.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS** that the Pro Se Plaintiffs' Motion for Temporary Injunction from Garnishment and Levy (docket no. 27) be **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 22nd day of January 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE