IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-03208-MJW

WILLIAM BARTNICK and
LAURA LARKINS BARTNICK,

Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant(s).

---

**ORDER REGARDING**

**(1) PLAINTIFFS' MOTION TO AMEND CLAIMS AND
SCHEDULING ORDER FOR GOOD CAUSE
(DOCKET NO. 54);**

**(2) DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION FOR SUMMARY JUDGMENT
(DOCKET NO. 56);**

**(3) DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFFS' FAILURE TO
PARTICIPATE IN RULE 26(F) CONFERENCE AND VIOLATION OF COURT'S
ORDERS (DOCKET NO. 59); and**

**(4) PLAINTIFFS' MOTION FOR RULE 26(C) PROTECTIVE ORDERS
(DOCKET NO. 64)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before this court for disposition upon consent of the parties

pursuant to an Order of Reference Pursuant to 28 U.S.C. § 636 (docket no. 73) entered

by the Honorable R. Brooke Jackson.

2

Now before the court are the following four motions: (1) Plaintiffs' Motion to Amend Claims and Scheduling Order for Good Cause (docket no. 54); (2) Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment (docket no. 56); (3) Defendant's Motion for Sanctions for Plaintiffs' Failure to Participate in Rule 26(f) Conference and Violation of Court's Orders (docket no. 59); and (4) Plaintiffs' Motion for Rule 26(c) Protective Orders (docket no. 64). The court has reviewed the subject motions (docket nos. 54, 56, 59, 64), the responses (docket nos. 60, 61, 71), and the reply (docket no. 70). In addition, the court has taken judicial notice, pursuant to Fed. R. Evid. 201, of the court's file and the Arapahoe County District Court case captioned: <u>William Bartnick and Laura Bartnick v. City of Englewood, et al.</u>, case no. 09-cv-2198 [hereinafter state case]. Further, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.     That as I have previously found and have advised the pro se Plaintiffs, I have jurisdiction over the parties and over the Plaintiffs' breach of contract and bad faith claims **ONLY** based upon the removal from the Arapahoe County District Court pursuant to 28 U.S.C. §§ 1441(a),1446(a), and 1332;

2.     That venue is proper in the state and District of Colorado;

3.     That each party has been given a fair and adequate opportunity to

be heard;

4. That this case has a tortured history in the state case in the Arapahoe County District Court.  See docket no. 1, 1-1 through 1-48, inclusive;

5. That in November 2007, the Plaintiffs were contacted by the City of Englewood and notified of several complaints from their neighbors that they were operating the South Pearl Street property that they owed as a boarding house.  Plaintiffs were eventually prosecuted by the City of Englewood for running an illegal boarding house and running a boarding house without permits;

6. That after being convicted of running an illegal boarding house and running a boarding house without permits in the City of Englewood Municipal Court, the Plaintiffs filed the state case on September 9, 2009, against the City of Englewood, City of Englewood Judge Vincent Ross Atencio, City Mayor Robert McCaslin, a number of Plaintiffs' neighbors, and numerous other city employees.  See docket 1-4.  It should be noted that the original complaint named 14 defendants.  One of the neighbors sued in that case, Chris Carman, was insured by Defendant State Farm Fire and Casualty Company [hereinafter Defendant].  On March 15, 2010, the state court [Judge Wheeler] dismissed all of Plaintiffs' claims against Ms. Carman. See docket no. 44-2 at p. 5 captioned Order Re: Outstanding Motions III.  The state court [Judge Wheeler] found that the claims

4

against Ms. Carman were frivolous, and Ms. Carman was awarded attorney fees against the Plaintiffs.  Thereafter, Defendant substituted into the state case to collect the attorney's fees and costs that were awarded to Ms. Carman since Defendant provided a defense for Ms. Carman against the Plaintiffs' claims in the state case.  See docket no. 44-4 regarding Order Re: Defendant Carman's Motion to Substitute Party in the state case.  Also see docket no. 44-3 regarding Order Re: Motion for Attorneys' Fees - Carman in the state case.  In a nutshell, the state court [Judge Wheeler] allowed Defendant to substitute as the real party in interest for Ms. Carman on October 11, 2010, and the state court [Judge Wheeler] awarded attorney's fees and costs in favor of Ms. Carman in the amount of $6,766.45 and against the Plaintiffs on May 7, 2010;

7. That on November 1, 2012, the Plaintiffs filed a pleading in the state case captioned "Rule 106 Application for Order to Show Cause."  See docket no. 1-5.  This pleading was later interpreted by the state court [Judge Wheeler] as a Motion to Assert Claims Against State Fire and Casualty Company [Defendant].  See docket no. 1-9;

8. That on November 7, 2012, the state court [Judge Wheeler] entered his Order Re: Plaintiffs' Motion to Add Counterclaim (docket no. 1-9).  In this Order, the state court [Judge Wheeler]

found that the Plaintiffs had advanced colorable claims against
Defendant for breach of contract and bad faith arising from a losses
that occurred in May 2007 as a result of water damage that
occurred at property owned by the Plaintiffs and ordered Defendant
to file an Answer on or before November 30, 2012.  However, the
state court [Judge Wheeler] also found that the Plaintiffs' claims
against Defendant for breach of contract and bad faith were ***wholly
unrelated*** to the issues presented in the existing state case [i.e.,
case no. 09-cv-2198], and, therefore, he ***severed the Plaintiffs'
claims against Defendant for all purposes from any issues
then before the state court.***  See docket no. 1-9, p. 2-3;

9.      That on November 29, 2012, the state court [Judge Wheeler]
dismissed all remaining defendants in the state case as a sanction
for the Plaintiffs' failure to appear for their depositions.  See docket
no. 1-32.  Furthermore, other defendants had already been
dismissed on other grounds previously.  See state court record
(docket nos. 1, 1-3).  Therefore, as of November 29, 2012, the only
remaining issues before the state court [Judge Wheeler] were (1)
State Farm's [Defendant's] collection of its award of attorney's fees
and costs associated with the Plaintiffs' state case against Ms.
Carman and (2) the Plaintiffs' recently-pled claims against State
Farm [Defendant] for breach of contract and bad faith;

6

10.    That the Notice of Removal was filed timely by Defendant with this
court on December 7, 2012.  See docket no. 1.  In its Notice of
Removal, Defendant provided a short and concise statement
regarding the grounds for removal.  Defendant demonstrated in its
Notice of Removal that the parties are diverse and that the
jurisdiction amount contained in 28 U.S.C. § 1332 has been met.
Therefore, this court has diversity jurisdiction over this case [i.e.,
Plaintiffs' breach of contract and bad faith claims];

11.    That Rule 56(a) provides that summary judgment shall be granted
"if the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of
law." Fed. R. Civ. P. 56(a).  "A party seeking summary judgment
bears the initial responsibility of informing the district court of the
basis for its motion, and identifying those portions of the pleadings,
depositions, interrogatories, and admissions on file together with
affidavits, if any, which it believes demonstrate the absence of
genuine issues for trial."  Robertson v. Board of County Comm'rs of
the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999)
(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v.
ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "Once a
properly supported summary judgment motion is made, the
opposing party may not rest on the allegations contained in the
complaint, but must respond with specific facts showing the

7

existence of a genuine factual issue to be tried. . . .  These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'"  <u>Southway v. Central Bank of Nigeria</u>, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), <u>aff'd</u>, 328 F.3d 1267 (10th Cir. 2003).  However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . .  The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . .  Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'"  <u>Adams v. American Guarantee & Liability Ins. Co.</u>, 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response."  <u>Southway</u>, 149 F. Supp.2d at 1273.  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . .  Unsupported allegations without 'any significant

8

probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273;

12. That as this court has previously found, the only claims before this court are the Plaintiffs' breach of contract and bad faith claims arising from water damage that occurred in May 2007 at property owned by the Plaintiffs;

13. That in diversity actions, such as this case, the state statutes of limitations apply. State Farm Mut. Auto. Ins. Co. v. Boellstorff, 540 F.3d 1223, 1228 (10th Cir. 2008);

14. That under Colorado law, "[a] cause of action for breach of any express or implied contract . . . shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." § 13-80-108(6), C.R.S. See Cahill v. American Family Mut. Ins. Co., 610 F.3d 1235, 1240 (10th

Cir. 2010) ("Under Colorado law a claim accrues when 'the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action.'") (quoting Miller v. Armstrong World Indus., 817 P.2d 111, 113 (Colo. 1991));

15. That a breach of contract claim is governed by Colorado's three-year statute of limitations. § 13-80-101(1)(a), C.R.S.;

16. That a common law bad faith claim premised upon breach of an insurance contract is government by Colorado's two-year statute of limitations applicable to tort claims. Alarcon v. American Family Ins. Group, 2010 WL 2541131, at *3 (D. Colo. June 18, 2010); Cork v. Sentry Ins., 194 P.3d 422, 427 (Colo. App. 2008). Such a claim "accrues when both the nature of the injury and its causes are known or should be known through the exercise of reasonable diligence." Vaccaro v. American Family Ins. Group, 275 P.3d 750, 756 (Colo. App. 2012). Accrual of such a claim has been held to occur when an insurer refuses to pay under a policy as requested by its insured. See Cork, 194 P.3d at 427-28;

17. That under Colorado law, Plaintiffs bear the burden of demonstrating that the statutes of limitations should be tolled. See Crosby v. American Family Mut. Ins. Co., 251 P.3d 1279, 1283 (Colo. App. 2010);

18. That the undisputed evidence shows that the Plaintiffs notified

Defendant of the water loss in May 2007;

19.    That the undisputed evidence shows that the Plaintiffs submitted a

complaint dated September 25, 2007, to the Colorado Division of

Insurance (Docket No. 56-2 at 22-23) expressing their concerns

regarding Defendant's denials of portions of their water loss claim

and allegations of unwarranted delays in the resolution of their

water loss claim;

20.    That the undisputed evidence shows that Defendant issued various

payments to Plaintiffs with regard to this loss, including its final

payment on the claim in November 2007, and Plaintiffs did not

thereafter contact Defendant again requesting additional payment

for any claimed losses **on the water loss claim**;

21.    That in Defendant's letter to Plaintiffs regarding the final payment

made on November 9, 2007, Defendant indicated that it was

agreeing to pay for additional expenses related to the 2007 water

loss as requested by Plaintiffs but was refusing to pay for other

damages Plaintiffs alleged were caused by the loss;

22.    That Plaintiffs' breach of contract claim and bad faith claim accrued

no later than November 2007 when they were informed by

Defendant that it had completed payment on Plaintiffs' water loss

claim.  At that time, Plaintiffs would have known or should have

known in the exercise of reasonable diligence all material facts

essential to show the elements of their two claims.  In fact, more

than a month earlier, Plaintiffs had complained that Defendant had
not properly handled and paid their water loss claim;

23.   That Plaintiffs thus should have commenced their bad faith claim
against Defendant no later than November 2009 and their breach of
contract claim against Defendant no later than November 2010;

24.   That the earliest the Plaintiffs commenced their breach of contract
and bad faith claims, however, was not until November 1, 2012,
when they filed a document in the state case captioned "Rule 106
Application for Order to Show Cause" (docket no. 1-5), which was
interpreted by the state court [Judge Wheeler] as a Motion to Assert
Claims Against State Fire and Casualty Company [Defendant]
(docket no. 1-9);

25.   That Plaintiffs have failed to meet their burden of coming forward
with facts sufficient to demonstrate that tolling is appropriate;

26.   That Plaintiffs' claims of breach of contract and bad faith,
regardless of whether they are based upon their homeowners
policy or personal liability umbrella policy, are thus barred by the
applicable statutes of limitation;

27.   That Plaintiffs' assertion that "the timeline of the loss incurred was
again triggered" by Defendant's levying Plaintiffs' bank accounts
and garnishing Mr. Bartnick's pay check is without merit.  The
Plaintiffs' claims here regarding their water loss claim are separate
and distinct from the Plaintiffs' state court claims that resulted in the

garnishment and levies;

28.     That Plaintiffs' statements in their Response regarding the Rule

26(f) meeting in this action and issues unrelated to the limited

claims before this court, i.e., garnishment of Mr. Bartnick's wages

and issues concerning the claims heard in the state court, are

irrelevant to the summary judgment motion before the court; and

29.     That in Plaintiffs' Motion to Amend Claims and Scheduling Order for

Good Cause (docket no. 54), Plaintiffs do not specify the relief they

are seeking.  To the extent they seek to amend the Scheduling

Order, such request is denied inasmuch as no Scheduling Order

has been entered in this case.  To the extent they seek to amend

the Complaint, they did not detail the proposed amendments and

the reasons such amendments are necessary, and they did not

tender a proposed amended pleading with their motion.

Furthermore, it appears they may very well be seeking to add the

claims that were already dismissed in the state case.   Therefore,

their motion should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.     That Defendant State Farm Fire and Casualty Company's Motion

for Summary Judgment (docket no. 56) is **GRANTED**.  The Clerk

13

shall enter judgment in favor of Defendant State Farm Fire and Casualty Company and against Plaintiffs William Bartnick and Laura Larkins Bartnick on all claims.  Costs shall be awarded to Defendant;

2.      That Plaintiffs' Motion to Amend Claims and Scheduling Order for Good Cause (docket no. 54) is **DENIED**;

3.      That Defendant's Motion for Sanctions for Plaintiffs' Failure to Participate in Rule 26(f) Conference and Violation of Court's Orders (docket no. 59) is **DENIED AS MOOT**;

4.      Plaintiffs' Motion for Rule 26(c) Protective Orders (docket no. 64) is **DENIED AS MOOT**; and

5.      That the Rule 16 Scheduling Conference set before Magistrate Judge Watanabe on April 3, 2013, at 3:00 p.m. is **VACATED**.


Done this 7th day of March, 2013.

                                        BY THE COURT

                                        s/Michael J. Watanabe
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE