IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03208-MJW

WILLIAM BARTNICK and
LAURA LARKINS BARTNICK,

Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant(s).

ORDER

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on the plaintiffs' Motion to Set Aside Final Judgment Due to Exemption, and for Judgment on the Pleadings (Docket No. 80); Rule 12 Objection, Motion to Join, and Motion for Judgment on the Pleadings (Docket No. 81); Objection to Mistaken Summary Judgment Without Party Stipulation Due to Ongoing Facts (Docket No. 83); and Bill's Affidavit in Support of Exemption, Motion to Amend and Motion for Judgment on the Pleadings (to be suppressed) (Docket No. 85 - filed under restriction). The court has thoroughly reviewed these documents, has taken judicial notice of the court's file and the Arapahoe County District Court case captioned: William Bartnick and Laura Bartnick v. City of Englewood, et al., case no. 09-cv-2198 (hereinafter "state case"), and has considered applicable Federal Rules of Civil Procedure, case law, and Local Rules of this court. The court notes that the time for the defendant to file responses has not passed, but pursuant to D.C.COLO.LCivR 7.1(c)

2

"[n]othing in this rule [concerning the time for filing motions, responses, and replies] precludes a judicial officer from ruling on a motion at any time after it is filed." D.C.COLO.LCivR 7.1(C).

The court has construed these filings liberally because the plaintiffs, William Bartnick and Laura Larkins Bartnick, are not represented by counsel. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmom, 935 F.2d 1106, 1110 (10th Cir. 1991).

Litigants, like the plaintiffs here, who are subject to an adverse judgment and who seek reconsideration by the court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Baker v. Colorado, 2013 WL 673683, at *1 (D. Colo. Feb. 22, 2013) (quoting Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). "A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment was entered." Id. (citing Fed. R. Civ. P. 59(e)). The court will consider the plaintiffs' four filings (Docket Nos. 80, 81, 83, and 85) pursuant to Rule 59(e) because they were filed within twenty-eight days after the Final Judgment (Docket No. 79, filed March 11, 2013) was entered. See id.

"A Rule 59(d) motion may be granted 'to correct manifest errors of law or to present newly discovered evidence.'" Id. (quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)). "Relief under rule 59(e) also is appropriate when 'the court has misapprehended the facts, a party's position, or the controlling law.'" Id. (quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion, however, "is not a new opportunity to revisit issues already addressed or to

3

advance arguments that could have been raised previously." Id.

As this court has previously advised the pro se plaintiffs several times, this court has jurisdiction over just the plaintiffs' breach of contract and bad faith claims arising from losses that occurred in May 2007 as a result of water damage that occurred at property owned by the plaintiffs. Despite this fact, plaintiffs continue to make various arguments concerning all sorts of claims that have nothing to do with this very limited water damage claim. Furthermore, plaintiffs' argument concerning an exemption from court orders is without any legal basis. The court notes that the plaintiffs in this case are William Bartnick and Laura Larkins Bartnick, not the "Members of Poet's Rest."

Upon consideration of the plaintiffs' submissions (Docket Nos. 80, 81, 83, and 85), this court finds that the plaintiffs have failed to demonstrate any reason why the court should reconsider and vacate the Order that dismissed this action based upon the running of the statute of limitations. Plaintiffs are merely rehashing the same or similar arguments that have nothing to do with the limited claim before this court or are making new arguments that could have been raised previously. They have not made any showing of any manifest errors of law, newly discovered evidence, or misapprehension of the facts, plaintiffs' position, or of the controlling law. Therefore, their motions will be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Set Aside Final Judgment Due to Exemption, and for Judgment on the Pleadings (Docket No. 80); Rule 12 Objection, Motion to Join, and Motion for Judgment on the Pleadings (Docket No. 81); Objection to

4

Mistaken Summary Judgment Without Party Stipulation Due to Ongoing Facts (Docket No. 83); and Bill's Affidavit in Support of Exemption, Motion to Amend and Motion for Judgment on the Pleadings (to be suppressed) (Docket No. 85 - filed under restriction) are all denied.

Date:  March 21, 2013                                         s/ Michael J. Watanabe
          Denver, Colorado                                    Michael J. Watanabe
                                                              United States Magistrate Judge