IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-03208-MJW

WILLIAM BARTNICK and
LAURA LARKINS BARTNICK,

Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant(s).

ORDER

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on the plaintiffs' Motion to Amend to Clarify Capacity of Municipal and Licensed Defendants and Interested Parties for Removal of Joint Issues and Litigation (Docket No. 89).  The court has thoroughly reviewed this document, has once again taken judicial notice of the court's file and the Arapahoe County District Court case captioned:  William Bartnick and Laura Bartnick v. City of Englewood, et al., case no. 09-cv-2198 (hereinafter "state case"), and has considered applicable Federal Rules of Civil Procedure, case law, and Local Rules of this court. The court notes that the time for the defendant to file a response has not passed, but pursuant to D.C.COLO.LCivR 7.1(c) "[n]othing in this rule [concerning the time for filing motions, responses, and replies] precludes a judicial officer from ruling on a motion at any time after it is filed."  D.C.COLO.LCivR 7.1(C).

The court has construed this filing liberally because the plaintiffs, William Bartnick

2

and Laura Larkins Bartnick, are not represented by counsel.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmom, 935 F.2d 1106, 1110 (10th Cir. 1991).

As this court previously stated with regard to several other motions filed by the plaintiffs post-judgment, litigants, like the plaintiffs here, who are subject to an adverse judgment and who seek reconsideration by the court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Baker v. Colorado, 2013 WL 673683, at *1 (D. Colo. Feb. 22, 2013) (quoting Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)).  "A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment was entered." Id. (citing Fed. R. Civ. P. 59(e)).  The court will consider the plaintiffs' filing (Docket No. 89) pursuant to Rule 59(e) because it was filed within twenty-eight days after the Final Judgment (Docket No. 79, filed March 11, 2013) was entered.  See id.

"A Rule 59(d) motion may be granted 'to correct manifest errors of law or to present newly discovered evidence.'" Id. (quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)).  "Relief under rule 59(e) also is appropriate when 'the court has misapprehended the facts, a party's position, or the controlling law.'" Id. (quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion, however, "is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously." Id.

As this court has previously advised the pro se plaintiffs several times, this court has jurisdiction over just the plaintiffs' breach of contract and bad faith claims arising from losses that occurred in May 2007 as a result of water damage that occurred at

3

property owned by the plaintiffs.  Despite this fact, plaintiffs continue to make various arguments concerning all sorts of claims that have nothing to do with this very limited water damage claim.

Upon consideration of the plaintiffs' submission (Docket No. 89), this court finds that the plaintiffs have failed to demonstrate any reason why the court should reconsider and vacate the Order that dismissed this action based upon the running of the statute of limitations.  Plaintiffs are merely making arguments that have nothing to do with the limited claim before this court or are making new arguments that could have been raised previously.  They have not made any showing of any manifest errors of law, newly discovered evidence, or misapprehension of the facts, plaintiffs' position, or of the controlling law.  Therefore, their motion will be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Amend to Clarify capacity of Municipal and Licensed Defendants and Interested Parties for Removal of Joint Issues and Litigation (Docket No. 89) is denied.

Date:  April 1, 2013                                         s/ Michael J. Watanabe
       Denver, Colorado                                  Michael J. Watanabe
                                                                      United States Magistrate Judge