IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03208-MJW

WILLIAM BARTNICK and
LAURA LARKINS BARTNICK,

Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant(s).

---

**ORDER ON
DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION FOR ATTORNEY FEES (Docket No. 87)
and
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT OF FACTS WITH
SUPPORTING EXHIBITS, INDEXED, FOR OFFERS OF PROOF OR, IN THE
ALTERNATIVE, DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY
FEES (Docket No. 103)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant State Farm Fire and Casualty Company's Motion for Attorney Fees (Docket No. 87). The pro se plaintiffs filed a response. (Docket No. 92). This court then directed the defendant to submit a more detailed billing statement for the attorney fees sought in this motion that includes a detailed itemization of the date of each task, what task was performed on that date, who performed that task, and the time billed for each task. (Docket No. 94). Defendant promptly provided such detailed billing statement to the court. (Docket No. 95).

Pursuant to this court's Order (Docket No. 94), plaintiffs had until April 19, 2013,

2

to file any response to such detailed billing statement. On that deadline, plaintiffs filed what they captioned as "Affidavit of Facts with Supporting Exhibits, Indexed, for Offers of Proof" (Docket No. 96) as well as 421 pages of exhibits (Docket No. 97) and even blueprints which were conventionally filed (Docket No. 98). The court finds, however, that with the exception of just a few paragraphs in Docket No. 96, these submissions (Docket Nos. 96, 97, and 98) are not relevant to the very limited issue at hand - defendant's motion for attorney fees.

Not surprisingly, defendant thereafter filed Defendant's Motion to Strike Plaintiffs' Affidavit of Facts with Supporting Exhibits, Indexed, For Offers of Proof or, in the Alternative, Defendant's Reply in Support of Motion for Attorney Fees. (Docket No. 103). The court will grant defendant's motion to strike with respect to the exhibits (Docket Nos. 97 and 98) but will deny such motion with respect to the Affidavit (Docket No. 96) because it contains a couple of paragraphs relevant to the defendant's motion for attorney fees. The court will thus construe defendant's filing at Docket No. 103 as a reply in support of their motion for attorney fees.

The court has very carefully reviewed the subject motion (Docket No. 87), defendant's supplement (Docket No. 95), plaintiffs' responses (Docket Nos. 92, 96), and defendant's reply (Docket No. 103). In addition, the court has once again taken judicial notice of the court's file and the Arapahoe County District Court case captioned: <u>William Bartnick and Laura Bartnick v. City of Englewood, et al.</u>, case no. 09-cv-2198 (hereinafter "state case"), and has considered applicable Federal Rules of Civil Procedure, case law, and Local Rules of this court. The court has construed plaintiffs' filings liberally because the plaintiffs, William Bartnick and Laura Larkins Bartnick, are

3

not represented by counsel. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

As this court has previously advised the pro se plaintiffs several times, this court has jurisdiction over just the plaintiffs' breach of contract and bad faith claims arising from losses that occurred in May 2007 as a result of water damage that occurred at property owned by the plaintiffs. Despite this fact, plaintiffs continue to make various arguments concerning all sorts of claims that have nothing to do with this very limited water damage claim, and with respect to the motion at issue, plaintiffs have argued way beyond the limited issue of defendant's attorney fees.

Defendant seeks an award of attorney fees incurred while defending against this action pursuant to §§ 13-17-102 and 13-17-103, C.R.S., asserting the following. As repeatedly explained to plaintiffs, both in person during a January 17, 2013, motions hearing and subsequent orders of this court, the case pending before this court involved only plaintiffs' breach of contract and bad faith claims premised upon a 2007 water loss and defendant's subsequent handling of plaintiffs' related insurance claim. Throughout this litigation, defendant has demonstrated that plaintiffs' claims are wholly meritless and lack either factual or legal support. In fact, on March 11, 2013, this court granted defendant summary judgment on all of the plaintiffs' claims. In addition, plaintiffs have throughout this litigation attempted to relitigate matters previously dismissed by the state court, presented allegations wholly unrelated to their water loss claim, and failed to provide any meritorious grounds for their claims. As of the date of the motion at issue, plaintiff had filed no fewer than sixteen motions and other filings and several hundred pages of exhibits, the vast majority of which have no relevance to

4

their claims for relief advanced against defendant. More recently, they continued to file numerous baseless filings, wholly ignoring the limited scope of this case, presenting several legally unsupported arguments alleging that this court's entry of summary judgment was incorrect, and unilaterally amending the caption to include various parties previously dismissed from the state court actions and other individuals, including defendant's attorneys. In sum, throughout this case, plaintiffs' claims against defendant have lacked legal or factual bases, and plaintiffs have repeatedly ignored the Federal Rules of Civil Procedure and this court's orders, despite explicit warnings regarding the consequences of doing so. They have repeatedly engaged in needlessly litigious conduct, requiring defendant and this court to waste vast amounts of resources in addressing plaintiffs' time-barred claims. Given the groundless nature of plaintiffs' claims against defendant, coupled with their litigation conduct throughout the course of this action, defendant seeks an order awarding it attorney fees incurred in defending against this action.

Pursuant to § 13-17-102(6), C.R.S., "[n]o party who is appearing without an attorney shall be assessed attorney fees unless the court finds that the party clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious . . . ." "A vexatious claim is one brought or maintained in bad faith to annoy or harass. It may include conduct that is arbitrary, abusive, **stubbornly litigious**, or disrespectful of the truth." Bockar v. Patterson, 899 P.2d 233, 235 (Colo. App. 1994) (emphasis added).

Pursuant to § 13-17-203, C.R.S., the procedure for determining a reasonable fee is as follows:

5

> (1) In determining the amount of an attorney fee award, the court shall exercise its sound discretion. When granting an award of attorney fees, the court shall specifically set forth the reasons for said award and shall consider the following factors, among others, in determining whether to assess attorney fees and the amount of attorney fees to be assessed against any offending attorney or party:
>
> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;
>
> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
>
> (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
>
> (g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;
>
> (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

§ 13-17-103, C.R.S.

Section 13-17-102, C.R.S., does not require "the district court to conduct a hearing on the reasonableness of the award of attorney fees and costs in every case. If a party requests a hearing concerning the award of fees and costs under [the] statute, then the district court must hold a hearing." In re Marriage of Aldrich, 945 P.2d 1370, 1380 (Colo. 1997). "However, a party who fails to make a timely request for such a hearing waives the right to a hearing. The district court is under no obligation to

conduct a hearing *sua sponte*." Id. Here, neither party has requested a hearing on the issue of attorney fees, and this court finds that a hearing would not materially assist the court in ruling on the motion.

When evaluating a motion for attorney fees, the court must also follow the three-step process set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987). Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011). The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. Ramos, 713 F.2d at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. Brokers' Choice of Am., Inc., 2011 WL 3568165, at *2 (citing Rocky Mountain Christian Church v. Board of County Comm'rs of Boulder County, 2010 WL 3703224, at *2-3 (D.Colo. Sept. 13, 2010)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not

result in a second major litigation.'" Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting Hensley, 461 U.S. at 437); Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("[C]ourts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. Ramos, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." Malloy, 73 F.3d at 1018 (citing Blum v. Stenson, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. Id. The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. See Hensley, 461 U.S. at 433.

Here, this court has considered all of the factors set forth in § 13-17-103, C.R.S., and finds that an award of attorney fees to defendant is appropriate. First, it does not appear that plaintiffs made much, if any, effort to determine the validity of the claims that were removed to this court before they raised such claims toward the conclusion of their state case. Second, even after defendant raised the statute of limitations defense, plaintiffs persisted in litigating their claims, and moreover they continued their attempt to relitigate matters previously dismissed in state court notwithstanding this court's advisement concerning the very limited scope of this case. In fact, plaintiffs proceeded to change the caption of this case to include defense counsel and previously-dismissed

8

defendants. Third, all of the information concerning the timeliness of the claims here was available to the plaintiffs, and the facts determining the timeliness were not reasonably in conflict. Next, plaintiffs did not prevail on any of the limited claims before this court. See Docket No. 78 - Order granting defendant's motion for summary judgment. In addition, as defendant notes, plaintiffs' offer regarding settlement requested that defendant purchase the property that was the subject of the 2007 water loss claim for its purported market value of $525,000, as well as paying an additional $75,000 as compensation for other alleged losses. In contrast, their claims here were dismissed with prejudice. See Docket No. 78. Next, the court acknowledges that the financial positions of the parties are obviously unequal but finds that this does not negate an award of attorney fees when viewing all of the circumstances in this case as a whole.

Finally, the court finds that the plaintiffs engaged in substantially vexatious conduct, namely stubbornly litigious conduct. On January 17, 2013, plaintiffs were very clearly advised by this court (both orally during a hearing and in a written Minute Order issued after that hearing) that there were only two pending claims before this court, and accordingly this court ordered the plaintiffs to limit their pleadings to address only those claims. (Docket No. 49). In fact, this court specifically ordered that "[t]he Plaintiffs are not restricted from filing motions or pleadings as long as they are directly related to the pending claims in this case." (Docket No. 49 at 1). A review of their subsequent filings, however, readily establishes that plaintiffs did not comply with this court's order because they continued to assert claims which were not part of this action, and even continued to do so after this court determined that the only claims that were before this

court were time-barred. Most recently, as noted above, plaintiffs continued to make and file such rambling, lengthy arguments and accompanying exhibits, such as actual blueprints of their property, which had absolutely nothing to do with the very limited attorney fees issue that remains. Plaintiffs have wasted the time and resources of the defendant and this court by their persistence in rearguing such claims.

Defendant seeks attorney fees in the amount of $30,395.50 for all fees paid to defense counsels' firm on this matter from the date the law firm was retained by defendant through the date of counsel's affidavit in support of the motion at issue (March 21, 2013). This court, however, finds that not all of the attorney fees sought by defendant should be awarded. Although the limited claims before this court have been found to be time-barred (see Docket No. 78), and the facts establishing the accrual date of such claims were readily available to plaintiffs, defendant will not be awarded its fees starting from when plaintiffs first asserted these claims. Plaintiffs were not obligated to refrain from bringing such time-barred claims in anticipation of defendant's assertion of the affirmative defense. See MacMillan v. Bruce, 900 P.2d 131, 133-34 (Colo. App. 1995).

This court does, however, find that defendant should be awarded its attorney fees commencing on February 4, 2013, when plaintiffs filed their Motion to Amend Claims and Scheduling Order for Good Cause, for certain tasks completed which were necessitated by plaintiffs' stubbornly litigious conduct. (Docket No. 54). That motion was filed after this court specifically directed plaintiffs not to file anything that was not directly related to the pending claims in this case. Contrary to this court's order, that motion included arguments concerning claims that were already adjudicated in state

court. From that date forward, essentially all of the plaintiffs' filings continued their attempt to relitigate claims that were already litigated in state court.

This court has excluded the fees billed on and after February 4 which concern matters such as defendant's motion for summary judgment, actions taken on the state court case, defense counsels' preparation for and appearance at the Rule 16 scheduling conference on February 4, defendant's required disclosures, and the drafting of a response to plaintiffs' objections to this court's ruling on their motion to remand. Attached to this Order are pages 21 through 27 of Docket No. 95-1, which are part of defense counsels' detailed itemization of the fees billed in this case. The court has marked up those pages to reflect which fees are being allowed. In addition, this court will allow defendant one more hour of fees at the rate of $125 an hour for attorney Jones having to file Docket No. 103 (their motion to strike plaintiffs' affidavit/defendant's reply). Those notations, plus the addition of one hour, reflect a total award of $3,516.25, which is comprised of 22.25 hours billed by attorney Christopher R. Jones at a rate of $125 per hour and 4.2 hours billed by attorney Suzanne Lambdin at an hourly rate of $175. The court finds that such hours were reasonably spent addressing plaintiffs' stubbornly litigious conduct and that the hourly rate of compensation is very reasonable.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Defendant's Motion to Strike Plaintiffs' Affidavit of Facts with Supporting Exhibits, Indexed, For Offers of Proof or, in the Alternative, Defendant's Reply in Support of Motion for Attorney Fees (Docket No. 103) is granted in part to the

11

extent that the court will strike Docket Nos. 97 and 98. The plaintiffs may pick up from the Clerk's Office their conventionally-filed materials (Docket No. 98), which consist of blueprints that are not relevant to the issue of defendant's attorney fees. It is further

**ORDERED** that Defendant State Farm Fire and Casualty Company's Motion for Attorney Fees (Docket No. 87) is granted in part. Defendant is awarded $3,516.25 in attorney fees as detailed above. Judgment shall thus enter in favor of the defendant, State Farm Fire and Casualty Company, and against the plaintiffs, William Bartnick and Laura Larkins Bartnick, jointly and severally, for attorney fees in the amount of $3,516.25, plus post-judgment interest shall accrue at the statutory rate.

Date: April 25, 2013　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Page: 20
Mar/20/2013
Lambdin & Chaney, LLP
Client Ledger
ALL DATES

| Date Entry # | Received From/Paid To Explanation | Chq# Rec# | General Rcpts | General Disbs | Fees | Bld Inv# Acc | Trust Rcpts | Trust Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Feb/ 4/2013 864704 | scheduling order Lawyer: CRJ 0.60 Hrs X 125.00 L230 Court Mandated Conferences; A109 Appear for/attend conference re proposed | | | | 75.00 | | | | |
| Feb/ 4/2013 864705 | Lawyer: CRJ 1.00 Hrs X 125.00 L240 Dispositive Motions; A103 Draft/revise revisions to MSJ following receipt of Affidavit [Redacted] | | | | 125.00 | | | | |
| Feb/ 4/2013 865208 | Lawyer: SJL 0.60 Hrs X 175.00 L250 Other Written Motions and Submissions; A104 Review Analyze portions of new state court failings for allegations related to U.S. District Court proceeding and begin review of Plaintiffs "Motion to Amend Claims and Scheduling Order for Good Cause" | | | | 105.00 | | | | |
| Feb/ 4/2013 865209 | Lawyer: SJL 0.30 Hrs X 175.00 L230 Court Mandated Conferences; A101 Plan and Prepare for Rule 26(f) conference | | | | 52.50 | | | | |
| Feb/ 4/2013 865210 | Lawyer: SJL 1.40 Hrs X 175.00 L230 Court Mandated Conferences; A109 Appear for/attend 26(f) meeting with Bartnicks in U.S. District Court | | | | 245.00 | | | | |
| Feb/ 4/2013 865211 | Lawyer: SJL 0.50 Hrs X 175.00 L240 Dispositive Motions; A103 Draft/revise work on finalizing motion for summary judgment | | | | 87.50 | | | | |
| Feb/ 4/2013 865212 | Lawyer: SJL 0.50 Hrs X 175.00 L120 Analysis/Strategy; A101 Plan and Prepare for and consider options to respond to Plaintiff's failure to comply with rules and failure to cooperate with preparation of scheduling order | | | | 87.50 | | | | |
| Feb/ 4/2013 865417 | FirstBank Court Fees -12/4/12 Background search-Laura Bartnick 1 @ 7.00 | | | 7.00 | | | | | |
| Feb/ 4/2013 865422 | FirstBank Court Fees -1/4/13 Background search-Laura Bartnick 1 @ 7.00 | | | 7.00 | | | | | |
| Feb/ 4/2013 865423 | FirstBank Court Fees -1/4/13 Background search-William Bartnick 1 @ 7.00 | | | 7.00 | | | | | |
| Feb/ 4/2013 865424 | FirstBank Court Fees -1/4/13 Background search-Laura Larkins 1 @ 7.00 | | | 7.00 | | | | | |
| Feb/ 5/2013 865037 | File & ServeXpress Court Fees - 1/30/13 Report-Cases 5 @ 10.36 | | | 51.80 | | | | | |
| Feb/ 5/2013 865103 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze Court Memorandum referring the Bartnicks' objection Magistrate Judge Watanabe's Order re Motion to Remand and other outstanding Motions | | | | 12.50 | | | | |
| Feb/ 5/2013 865104 | Lawyer: CRJ 1.90 Hrs X 125.00 L240 Dispositive Motions; A103 Draft/revise finalize Motion for Summary Judgment, review and prepare all exhibits to be included therewith | | | | 237.50 | | | | |
| Feb/ 5/2013 865105 | Lawyer: CRJ 1.40 Hrs X 125.00 L250 Other Written Motions and Submissions; A102 Research case law and other authority for use in Motion for Sanctions | | | | 175.00 | | | | |
| Feb/ 5/2013 865107 | Lawyer: CRJ 3.60 Hrs X 125.00 L240 Dispositive Motions; A103 Draft/revise Motion for Dimissal as a Sanction for Plaintiffs' Failure to Participate in Rule 26(f) Conference and Violation of Court Orders, review and prepare exhibits to be filed with same | | | | 450.00 | | | | |

⟩ ALLOW (entries 865211, 865212)

⟩ ALLOW (entries 865105, 865107)

Page: 21

Mar/20/2013

Lambdin & Chaney, LLP
Client Ledger
ALL DATES

| Date / Entry # | Received From/Paid To / Explanation | Chq# Rec# | General Rcpts | General Disbs | Fees | Bld Inv# Acc | Trust Rcpts | Trust Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Feb/ 5/2013 865108 | Lawyer: CRJ 0.60 Hrs X 125.00 L250 Other Written Motions and Submissions; A102 Research additional research of case law and other authority for use in response to the Bartnicks objection to Judge Watanabe's denial of their motion to remand and other orders | | | | 75.00 | | | | |
| Feb/ 5/2013 866095 | Lawyer: SJL 0.40 Hrs X 175.00 L250 Other Written Motions and Submissions; A104 Review Analyze exhibits and additional portions of Plaintiffs' Motion to Amend | | | | 70.00 | | | | |
| Feb/ 5/2013 866096 | Lawyer: SJL 0.40 Hrs X 175.00 L120 Analysis/Strategy; A106 Communicate (with client) email communication with Redacted Redacted | | | | 70.00 | | | | |
| Feb/ 6/2013 865534 | Lawyer: CRJ 0.50 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise Motion for Sanctions re the Bartnicks' refusal to participate in Rule 26(f) conference and for violation of the Court's Orders, revise exhibits to be included therewith | | | | 62.50 | | | | |
| Feb/ 6/2013 865535 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze Court's memorandum referring recently filed Motion for Summary Judgment to Magistrate Judge Watanabe for ruling | | | | 12.50 | | | | |
| Feb/ 6/2013 865538 | Lawyer: CRJ 1.60 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze the Bartnicks' Motion to Amend Claims and Scheduling Order for Good Cause and exhibits attached thereto and plan response to same | | | | 200.00 | | | | |
| Feb/ 6/2013 865539 | Lawyer: CRJ 1.90 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise Response to the Bartnicks' objections to recent orders and recommendations concerning removal, striking motions, and injunctions | | | | 237.50 | | | | |
| Feb/ 6/2013 865541 | Lawyer: CRJ 1.30 Hrs X 125.00 L250 Other Written Motions and Submissions; A102 Research for response to the Bartnicks' Motion to Amend Claims and Scheduling Order for Good Faith | | | | 162.50 | | | | |
| Feb/ 6/2013 865542 | Lawyer: CRJ 1.90 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise response to the Bartnicks' Motion to Amend Claims and Scheduling Order for Good Cause | | | | 237.50 | | | | |
| Feb/ 6/2013 866120 | Lawyer: SJL 0.50 Hrs X 175.00 L250 Other Written Motions and Submissions; A103 Draft/revise motion for sanctions requesting dismissal of claims | | | | 87.50 | | | | |
| Feb/ 7/2013 866031 | Lawyer: CRJ 1.60 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise complete draft of Response to the Bartnicks' Motion to Amend Claims and Scheduling Order for Good Cause | | | | 200.00 | | | | |
| Feb/ 7/2013 866033 | Lawyer: CRJ 0.70 Hrs X 125.00 L240 Dispositive Motions; A104 Review Analyze the Bartnicks' Response to State Farm's Motion for Summary Judgment | | | | 87.50 | | | | |
| Feb/ 7/2013 866034 | Lawyer: CRJ 0.50 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise Motion for Leave to File Fed.R.Civ.P. 7.1 Disclosure and accompanying disclosure | | | | 62.50 | | | | |

Handwritten annotations: "ALLOW" marked next to grouped entries (Feb 5 entries, Feb 6 entries through 865538, and Feb 6/865541–865542 through Feb 7 entries).

Page: 22

Mar/20/2013

Lambdin & Chaney, LLP
Client Ledger
ALL DATES

| Date / Entry # | Received From/Paid To / Explanation | Chq# Rec# | General Rcpts | Disbs | Fees | Bld Inv# Acc | Trust Activity Rcpts | Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Feb/ 7/2013 866035 | Lawyer: CRJ 0.70 Hrs X 125.00 L240 Dispositive Motions; A103 Draft/revise Reply to Motion for Summary Judgment | | | | 87.50 | | | | |
| Feb/ 8/2013 866454 | Lawyer: SJL 0.20 Hrs X 175.00 L250 Other Written Motions and Submissions; A104 Review Analyze email communications from Ms. Bartnick | | | | 35.00 | | | | ALLOW |
| Feb/11/2013 866993 | Lawyer: SJL 0.40 Hrs X 175.00 L250 Other Written Motions and Submissions; A103 Draft/revise Response to Plaintiffs' Objection to Magistrate Judge's orders | | | | 70.00 | | | | |
| Feb/12/2013 867150 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze Court's Memorandum re Motion for Sanctions for the Bartnicks' failure to participate in scheduling conference | | | | 12.50 | | | | ALLOW |
| Feb/12/2013 867151 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze the Bartnicks' Notice of Supplemental Authority re response to Motion for Summary Judgment | | | | 12.50 | | | | |
| Feb/12/2013 867664 | Lawyer: SJL 0.30 Hrs X 175.00 L250 Other Written Motions and Submissions; A104 Review Analyze referral orders and Plaintiffs' recent filings | | | | 52.50 | | | | ALLOW |
| Feb/13/2013 867176 | LawToolBox.com, Inc. Other -Law ToolBox 1 @ -69.00 | | -69.00 | | | | | | |
| Feb/13/2013 867310 | Lawyer: CRJ 0.60 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise finish drafting Motion for Leave to File Rule 7.1 Corporate Disclosure and disclosure itself | | | | 75.00 | | | | |
| Feb/13/2013 867312 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A108 Communicate (other external) telephone calls to Mrs. Bartnick re correspondence concerning disclosures and intent to file Motion for Protective Order re disclosures and discovery by the Bartnicks | | | | 12.50 | | | | |
| Feb/13/2013 867319 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze Court's Memorandum re the Bartnick's Motion for Protective Order    Redacted | | | | 12.50 | | | | ALLOW |
| 867416 Feb/14/2013 867571 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A108 Communicate (other external) confer with Ms. Bartnick re objection to Motion for Leave to file 7.1 disclosure | | | | 12.50 | | | | |
| Feb/14/2013 867575 | Lawyer: CRJ 0.30 Hrs X 125.00 L350 Discovery Motions; A104 Review Analyze the Bartnicks' "motion for rule 26(c) protective orders" | | | | 37.50 | | | | |
| Feb/14/2013 867650 | Lawyer: BC 1.50 Hrs X 85.00 L320 Document Production; A104 Review Analyze file for draft of disclosures | | | | 127.50 | | | | |
| Feb/18/2013 868139 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze Order granting Motion for Leave to File Rule 7.1 | | | | 12.50 | | | | |

Page: 23

Mar/20/2013

Lambdin & Chaney, LLP
Client Ledger
ALL DATES

| Date Entry # | Received From/Paid To Explanation | Chq# Rec# | General Rcpts | Disbs | Fees | Bld Inv# Acc | Trust Activity Rcpts | Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | Corporate Disclosure and accepting disclosure for docketing | | | | | | | | |
| Feb/18/2013 868140 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze Order granting Motion for Entry of Final Judgment filed by defendants in the state court case, bringing state trial court case to a close | | | | 12.50 | | | | |
| Feb/18/2013 868141 | Lawyer: CRJ 0.10 Hrs X 125.00 L390 Other Discovery; A103 Draft/revise Initial Disclosures | | | | 12.50 | | | | |
| Feb/18/2013 868143 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze Colorado Court of Appeals' Order re failure of the Bartnicks' to abide by procedural and substantive requirements in filing appeal | | | | 12.50 | | | | |
| Feb/18/2013 868148 | Lawyer: CRJ 1.10 Hrs X 125.00 L240 Dispositive Motions; A103 Draft/revise complete draft of Reply in Support of Motion for Summary Judgment | | | | 137.50 | | | | |
| Feb/18/2013 868149 | Lawyer: CRJ 0.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze correspondence from Mrs. Bartnick indicating her intent to file for writ of coram nobis in state court and demanding objections to same | | | | 12.50 | | | | |
| Feb/18/2013 868155 | Lawyer: CRJ 1.10 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise complete draft of response to the Bartnicks' Motion to Amend Scheduling Order for Good Cause | | | | 137.50 | | | | |
| Feb/18/2013 868160 | Lawyer: BC 1.60 Hrs X 85.00 L320 Document Production; A103 Draft/revise initial disclosures | | | | 136.00 | | | | |
| Feb/18/2013 868651 | Lawyer: SJL 0.50 Hrs X 175.00 L390 Other Discovery; A104 Review Analyze claim file documents for disclosure | | | | 87.50 | | | | |
| Feb/19/2013 868384 | Lawyer: CRJ 1.20 Hrs X 125.00 L390 Other Discovery; A103 Draft/revise initial disclosures including review of all documents to be produced therewith | | | | 150.00 | | | | |
| Feb/19/2013 868404 | Lawyer: BC 0.50 Hrs X 85.00 L320 Document Production; A103 Draft/revise initial disclosures and prepare documents for repository, email to Plaintiff | | | | 42.50 | | | | |
| Feb/21/2013 869134 | Lawyer: CRJ 0.80 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze the Bartnicks' lengthy Motion to Set Aside Judgment with Coram Nobis | | | | 100.00 | | | | |
| Feb/22/2013 869278 | Lawyer: CRJ 1.30 Hrs X 125.00 L250 Other Written Motions and Submissions; A104 Review Analyze complete review of the Bartnicks' Motion to Set Aside Judgment with Coram Nobis and voluminous attachments thereto | | | | 162.50 | | | | |
| Feb/25/2013 869431 | Lawyer: CRJ 1.30 Hrs X 125.00 L250 Other Written Motions and Submissions; A103 Draft/revise revisions to reply in support of motion for summary judgment and response to the Bartnicks' Motion to Amend | | | | 162.50 | | | | |
| Feb/25/2013 870992 | Lawyer: SJL 0.40 Hrs X 175.00 L250 Other Written Motions and Submissions; A103 Draft/revise portion of Response to Plaintiff's Motion to Amend and review and approve Reply to Plaintiff's Response to MSJ | | | | 70.00 | | | | |
| Feb/26/2013 | Lawyer: CRJ 0.10 Hrs X 125.00 | | | | | | | | |

Handwritten annotations:
- } ALLOW (next to 868155)
- } ALLOW (next to 869134)
- } ALLOW ½ — RESPONSE TO MOTION TO AMEND (bracketing 869431, 870992 with " " " " markings below)

Mar/20/2013                                       Lambdin & Chaney, LLP                                          Page: 24
                                                      Client Ledger
                                                        ALL DATES

| Date<br>Entry # | Received From/Paid To<br>Explanation | Chq#<br>Rec# | General<br>Rcpts | General<br>Disbs | Fees | Bld<br>Inv# Acc | Trust Activity<br>Rcpts | Trust Activity<br>Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | 869925 L250 Other Written Motions and Submissions; A104 Review Analyze Statement Concerning Case Status filed in state court to determine accuracy of statements made by other parties re State Farm's status in state court case | | | | 12.50 | | | | |
| Feb/27/2013<br>870162 | Lawyer: CRJ  1.10 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A104 Review Analyze lengthy affidavit submitted by the Bartnicks recounting chronology relating to their claims and attachments thereto | | | | 137.50 | | | | ALLOW |
| Feb/27/2013<br>870166 | Lawyer: CRJ  0.60 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A103 Draft/revise proposed Scheduling Order and Notice regarding Proposed Scheduling Order re the Bartnicks' refusal to participate in conference re drafting of order | | | | 75.00 | | | | |
| Feb/28/2013<br>870520 | Lawyer: CRJ  0.20 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A103 Draft/revise final revisions to proposed Scheduling Order and Notice re same prior to filing | | | | 25.00 | | | | |
| Feb/28/2013<br>870523 | Lawyer: CRJ  0.10 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A104 Review Analyze Notice of Referral Pursuant to 28 USC 636 to Magistrate Judge Watanabe following unanimous consent to exercise of his jurisdiction | | | | 12.50 | | | | |
| Mar/ 4/2013<br>871177 | Lawyer: CRJ  0.10 Hrs X 125.00<br>L230 Court Mandated Conferences; A104 Review Analyze Order resetting Case Management Conference due to Court's scheduling conflict | | | | 12.50 | | | | |
| Mar/ 4/2013<br>871328 | Lawyer: SJL  0.20 Hrs X 175.00<br>Email communication to Redacted Redacted Redacted L210 Pleadings; A106 Communicate (with client) | | | | 35.00 | | | | |
| Mar/ 4/2013<br>871329 | Lawyer: SJL  0.40 Hrs X 175.00<br>L210 Pleadings; A104 Review Analyze begin review of "Amended Complaint" | | | | 70.00 | | | | |
| Mar/ 5/2013<br>871464 | Lawyer: CRJ  0.70 Hrs X 125.00<br>L210 Pleadings; A104 Review Analyze Amended Complaint filed by the Bartnicks naming several additional defendants including counsel | | | | 87.50 | | | | ALLOW |
| Mar/ 5/2013<br>872096 | Lawyer: SJL  0.70 Hrs X 175.00<br>L210 Pleadings; A104 Review Analyze Complete review of 68 page "Amended Complaint" and attachments and consider appropriate response to same | | | | 122.50 | | | | |
| Mar/ 6/2013<br>871662 | Lawyer: CRJ  0.10 Hrs X 125.00<br>L210 Pleadings; A104 Review Analyze Order striking Amended Complaint and entering recommendation on Motion for Temporary Injunction from Garnishment and Levy an Order of the Court | | | | 12.50 | | | | |
| Mar/ 6/2013<br>871841 | FirstBank<br>Local Travel -2/4/13 Parking at meeting with Bartnicks in US District Court-SJL 1 @ 2.00 | | | 2.00 | | | | | |
| Mar/ 7/2013<br>872118 | Lawyer: CRJ  0.20 Hrs X 125.00<br>L240 Dispositive Motions; A104 Review Analyze Court's Order granting Motion for Summary Judgment | | | | 25.00 | | | | |
| Mar/ 7/2013<br>872119 | Lawyer: CRJ  0.20 Hrs X 125.00<br>L120 Analysis/Strategy; A105 Communicate (in firm) with Ms. Lambdin re strategy following grant of summary judgment re pursuit of costs and potential motions for attorney fees and advisability of same | | | | 25.00 | | | | |

Mar/20/2013                                  Lambdin & Chaney, LLP                                              Page: 25
                                                 Client Ledger
                                                   ALL DATES
| Date<br>Entry # | Received From/Paid To<br>Explanation | Chq#<br>Rec# | General<br>Rcpts | Disbs | Fees | Bld<br>Inv# Acc | Trust Activity<br>Rcpts | Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Mar/ 7/2013<br>872379 | Lawyer: SJL  0.30 Hrs X 175.00<br>Telephone call from paralegal Mary Brown of AG's office re service of DOI with Amended Complaint and her questions re same; L210 Pleadings; A107 Communicate (other outside counsel) | | | | 52.50 | | | | |
| Mar/ 7/2013<br>872380 | Lawyer: SJL  0.30 Hrs X 175.00<br>L240 Dispositive Motions; A104 Review Analyze Court Order on dispositive and other orders | | | | 52.50 | | | | |
| Mar/ 7/2013<br>872381 | Lawyer: SJL  0.60 Hrs X 175.00<br>Emails with Redacted Redacted Redacted L240 Dispositive Motions; A106 Communicate (with client) | | | | 105.00 | | | | |
| Mar/ 8/2013<br>872333 | Lawyer: CRJ  0.60 Hrs X 125.00<br>L430 Written Motions and Submissions; A102 Research costs recoverable following award of summary judgment for potential filing of Bill of Costs for entry by Clerk and review bills to compute total value of potentially recoverable costs | | | | 75.00 | | | | |
| Mar/12/2013<br>872918 | Lawyer: CRJ  0.20 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A104 Review Analyze Orders from the Court re remaining outstanding motions and detailing finality of judgment in state court action for purposes of appeal of same | | | | 25.00 | | | | |
| Mar/12/2013<br>872924 | Lawyer: CRJ  1.60 Hrs X 125.00<br>L460 Post-Trial Motions and Submissions; A102 Research deadlines and applicable standards for recovery of costs and potential motion for attorney fees and potential for recovery of same following entry of summary judgment | | | | 200.00 | | | | |
| Mar/12/2013<br>872925 | Lawyer: CRJ  0.60 Hrs X 125.00<br>L460 Post-Trial Motions and Submissions; A102 Research necessity for and effect of filing supersedeas bond to stay execution of judgment in connection with expected appeal by the Bartnicks | | | | 75.00 | | | | |
| Mar/14/2013<br>873538 | Lawyer: CRJ  0.60 Hrs X 125.00<br>L460 Post-Trial Motions and Submissions; A102 Research potential post-judgment filings available to the Bartnicks and deadlines and timeframes applicable to each for planning and strategy purposes | | | | 75.00 | | | | |
| Mar/14/2013<br>873546 | Lawyer: CRJ  0.30 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A104 Review Analyze the Bartnicks' Objection to Mistaken Summary Judgment without Party Stipulation due to Ongoing Facts | | | | 37.50 | | | | |
| Mar/14/2013<br>873547 | Lawyer: CRJ  0.40 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A104 Review Analyze the Bartnicks' Motion to set aside Punitive Judgments and for Entry of Judgment on the Pleadings | | | | 50.00 | | | | |
| Mar/18/2013<br>873821 | Lawyer: CRJ  0.10 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A104 Review Analyze the Bartnicks' Objection, Motion to Join and Motion for Judgment on the Pleadings | | | | 12.50 | | | | |
| Mar/18/2013<br>873822 | Lawyer: CRJ  0.70 Hrs X 125.00<br>L250 Other Written Motions and Submissions; A104 Review Analyze the Bartnicks' Motion to Set Aside Final Judgment | | | | 87.50 | | | | |

*handwritten annotation: ALLOW (bracketing entries 873546, 873547, 873821)*

```
Mar/20/2013                                         Lambdin & Chaney, LLP                                                Page: 26
                                                        Client Ledger
                                                         ALL DATES
Date          Received From/Paid To       Chq#    |----- General -----|              Bld |---------- Trust Activity ----------|
    Entry #   Explanation                 Rec#    Rcpts         Disbs       Fees     Inv# Acc    Rcpts        Disbs    Balance

              due to Exemption and
              attachments thereto
Mar/18/2013   Lawyer: SJL  0.60 Hrs X 175.00
    873891    L460 Post-Trial Motions and                                  105.00                 ⟩ ALLOW
              Submissions; A104 Review
              Analyze portions of Post Trial
              Motions filed by Plaintiff and
              email communication to     Redacted

Mar/19/2013   Lawyer: CRJ  0.10 Hrs X 125.00
    874130    L250 Other Written Motions and                                12.50
              Submissions; A104 Review
              Analyze Notice indicating that
              recent Orders sent to the
              Bartnicks' address have been
              returned as undeliverable
Mar/19/2013   Lawyer: CRJ  0.50 Hrs X 125.00
    874131    L460 Post-Trial Motions and                                   62.50
              Submissions; A103 Draft/revise
              begin drafting Bill of Costs
              and compiling support for same
Mar/19/2013   Lawyer: CRJ  1.40 Hrs X 125.00
    874133    L460 Post-Trial Motions and                                  175.00                 ⟩ ALLOW
              Submissions; A103 Draft/revise
              begin Motion for Attorney Fees

              |------------ UNBILLED ------------|   |------------ BILLED ------------|   |----- BALANCES -----|
TOTALS          CHB     +  RECOV    +  FEES    = TOTAL      DISBS    +  FEES    + TAX   - RECEIPTS    = A/R        TRUST
PERIOD        150.80       0.00       12391.00  12541.80    1090.52    18047.00    0.00   19137.52      0.00         0.00
END DATE      150.80       0.00       12391.00  12541.80    1090.52    18047.00    0.00   19137.52      0.00         0.00

              |------------ UNBILLED ------------|   |------------ BILLED ------------|   |----- BALANCES -----|
FIRM TOTAL      CHB     +  RECOV    +  FEES    = TOTAL      DISBS    +  FEES    + TAX   - RECEIPTS    = A/R        TRUST
PERIOD        150.80       0.00       12391.00  12541.80    1090.52    18047.00    0.00   19137.52      0.00         0.00
END DATE      150.80       0.00       12391.00  12541.80    1090.52    18047.00    0.00   19137.52      0.00         0.00
```

REPORT SELECTIONS - Client Ledger
| | |
|---|---|
| Layout Template | Default |
| Advanced Search Filter | None |
| Requested by | Jill |
| Finished | Wednesday, March 20, 2013 at 12:05:39 PM |
| Ver | 11.0 SP2 HF1 (11.0.20120315) |
| Matters | 440-024 |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec/31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown - Billed Only | No |
| Entries Shown - Disbursements | Yes |
| Entries Shown - Receipts | Yes |
| Entries Shown - Time or Fees | Yes |
| Entries Shown - Trust | Yes |
| Incl. Matters with Retainer Bal | No |
| Incl. Matters with Neg Unbld Disb | No |
| Trust Account | All |
| Working Lawyer | All |
| Include Corrected Entries | No |
| Show Check # on Paid Payables | No |
| Show Client Address | No |
| Consolidate Payments | No |
| Show Trust Summary by Account | No |
| Show Interest | No |
| Interest Up To | Mar/20/2013 |
| Show Invoices that Payments Were Applied to | No |
| Display Entries in | Date Order |